(64 App. Div. 435.)

## In re TODD.

(Supreme Court, Appellate Division, Second Department.   October 11, 1901.)

**1.  TESTAMENTARY TRUSTEES—COMPENSATION.**
　　Under Code Civ. Proc. §§ 2730, 2802, providing that testamentary trustees shall receive a certain commission on the fund received and paid out, a trustee who has received the fund, but not paid it out, is entitled to only half commission.

**2.  SAME—PAYING OUT FUND.**
　　Under Code Civ. Proc. §§ 2730, 2802, entitling testamentary trustees to certain commissions for receiving and paying out the trust fund, the mere transfer of the fund to another trustee is not a "paying out."

Appeal from surrogate's court, Westchester county.

Judicial settlement of the account of John A. Todd, as sole surviving executor and trustee of and under the will of Henry L. Douglas, deceased.   From an order allowing the representative of John A. Todd, a deceased trustee, full commissions on the corpus of the trust estate, Paul Armitage and another, as substituted trustees, appeal.   Reversed.

Argued before GOODRICH, P. J., and JENKS, WOODWARD, HIRSCHBERG, and SEWELL, JJ.

Paul Armitage, for appellants.
Clarence S. Davison, for respondent.

WOODWARD, J.   Lucius T. Yale and John A. Todd were executors and trustees under the provisions of the last will and testament of Henry L. Douglas, who died in 1887.   After completing their duties as executors, Yale and Todd entered upon their duties as trustees, receiving from themselves, as executors, the corpus of the trust estate, amounting to about $96,200.   On this they claimed, and were allowed, one-half of the fees provided by law.   Yale died, and Todd continued to administer the trust.   On March 15, 1900, Todd died, leaving these trusts unexecuted, and on April 3, 1900, Archibald Douglas and Paul Armitage were appointed substituted trustees by an order of the supreme court.   Upon a petition by the substituted trustees for an involuntary accounting of the estate property from Sarah L. N. Todd, executrix of the deceased trustee, the latter appeared by her attorney and filed an account covering the proceedings of the deceased trustee in regard to the trust property from the time of his last accounting to the date of his death.   Subsequently, although no such claim was made upon the accounting, the attorney for the executrix made a motion for "commissions to the estate of said John A. Todd, deceased, upon the corpus of the estate of said Henry L. Douglas, deceased, about to be turned over to the substituted trustees," and at the same time a motion was made to file a supplemental account.   The latter motion was denied, and the motion for full commissions was granted.   From so much of the order as grants full commissions, appeal comes to this court.

This exact question appears to have been before the general term of the First department in Palmer v. Dunham (Sup.) 6 N. Y. Supp. 262, and after an examination of the authorities we find no reason for disagreeing with the conclusion of the court in that case, which was that: "In accordance with the established procedure in this respect, half commissions were awarded to the executors of Mr. Palmer; but the other half for paying out the estate could not properly be allowed until it actually was paid out, and this, so far as he was concerned, was prevented by his death. We do not think the transfer of the property to a new trustee, which was rendered necessary by the death of the prior trustee, is such a payment as to entitle the deceased trustee's estate to commissions on account of such payment." Obviously, the law did not contemplate that an estate was to be charged with full fees by every person who should be called in to administer a trust; nor will it be assumed that it contemplated that substituted trustees should be called upon to perform their part of the duties without compensation. Sections 2802 and 2730, Code Civ. Proc., clearly contemplate that the estate shall be charged certain fees for the receiving and paying out of the money coming into the hands of the trustee; and, while there is room to doubt whether Mr. Todd ever became entitled to one-half of the fees, the trust estate never having been reduced to money (McAlpine v. Potter, 126 N. Y. 285, 290, 27 N. E. 475), it is certain that his estate has no legal or equitable claim upon the fees for distributing the money. To permit this payment would be to entail upon the trust estate a double charge for administration, or to deny to the substituted trustees all compensation for their trouble and responsibility in the matter; and, if the latter are willing to waive the question of Mr. Todd's right to one-half the fees, the executrix ought to be satisfied. We are unable to discover that the authorities relied upon by the learned surrogate tend to disagree with the conclusion we have reached, that the order appealed from should be reversed in so far as it grants any further commissions to the estate of Mr. Todd out of the corpus of the trust estate.

The order appealed from should be reversed to the extent indicated, with the costs and disbursements to be paid by the representatives of John A. Todd, deceased. All concur.