WHITEHEAD v. DRAPER et al.

(Supreme Court, Appellate Division, First Department. June 11, 1909.)

1. TRUSTS (§ 315*) — ACCOUNTING AND COMPENSATION OF TRUSTEE — RATE AND AMOUNT.

Code Civ. Proc. §§ 2730, 2802, 3320, providing for compensation of executors and trustees, clearly contemplates that an estate shall be charged certain fees for the receiving and paying out of moneys coming into the hands of persons administering a trust; but every person who is called to administer a trust is not entitled to charge full commissions.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 433–438; Dec. Dig. § 315.*]

2. TRUSTS (§ 316*)—COMPENSATION—PAYMENT TO SUCCESSOR.

A trustee is not entitled to commissions for turning over the estate to his successor.

[Ed. Note.—For other cases, see Trusts, Dec. Dig. § 316.*]

3. TRUSTS (§ 169*)—DEATH OF TRUSTEE—APPOINTMENT OF SUCCESSOR BY COURT.

Under Laws 1882, p. 223, c. 185, providing that on the death of a trustee the execution of the trust shall devolve upon the Supreme Court, and it shall be its duty to appoint one to execute the trust, such person on appointment becomes the agent of the court to execute the trust as far as it then remains unexecuted.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 222; Dec. Dig. § 169.*]

4. TRUSTS (§ 316*)—COMPENSATION—RATE.

Where a trustee dies before the trust is fully executed, his estate should be allowed commissions of half the statutory rates, not only on the moneys which came into his hands originally, but also on the moneys which he received in the course of his administration in the liquidation of securities which he originally received, and which he was bound to reinvest, and the successor of such trustee should be allowed half the statutory commissions on the same items; and this compensation to the trustee is not affected by the fact that the fund is to be turned over to other trustees appointed under the will of the original owner, or that the trustee himself is one of the other trustees.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 452; Dec. Dig. § 316.*]

Appeal from Special Term, New York County.

Action by Pennington Whitehead against Maria H. Draper and others to settle plaintiff's account as trustee. From a judgment entered upon the report of a referee, plaintiff appeals. Modified and affirmed.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

George A. Strong, for appellant.
Francis Smyth, for respondent Dehon.
William Mitchell, for respondents Bowne and remaindermen.
George S. Mittendorf, for infant defendants Codman.
Ernest M. Strong, for infant defendant Bell.
William E. Bristow, for infant defendants Bowne and Colt.

McLAUGHLIN, J.   John A. Haggerty died in 1868, leaving a last
will and testament by which he divided his residuary estate into six
shares, to be held in trust for six nieces named, of whom Anna K.
Shaw, then Haggerty, was one, with remainder to their issue.   So
far as material to this appeal, the will further provided that, if any of
said nieces should die without issue surviving, her share was to be
divided among the survivors share and share alike.   The will was
duly probated, and letters testamentary issued to the two executors
and trustees named therein, the sole survivor of whom died in 1894.
In February, 1895, one Welcome S. Jarvis was duly appointed, by
order of the Supreme Court, to carry out the trust created for the
benefit of Anna K. Shaw, and following his death the plaintiff, in
December, 1898, was appointed for the same purpose, and he has con-
tinued to act as such to the present time.   Jarvis never accounted,
and in June, 1907, Anna K. Shaw having died, the plaintiff com-
menced this action to procure a settlement of his accounts and of the
accounts of Jarvis—the latter's administrator being made a party—
and for the distribution of the trust estate.   The judgment appealed
from settled the accounts of Jarvis and of the plaintiff, and directed
the latter to distribute the corpus of the trust in accordance with the
terms of the will.   The judgment was entered upon the report of a
referee, to whom the case had been referred, and the plaintiff alone
appeals.

The questions involved relate solely to the commissions payable to
plaintiff and to the estate of Jarvis.   The corpus of the trust which
came into the hands of Jarvis amounted to $60,100.34, of which $879.-
37 was in cash.   The plaintiff paid to Jarvis' estate $395.50 as commis-
sions at half the statutory rate of moneys received.   The referee held
that, since Jarvis was a substituted trustee, he was only entitled to
commissions on the amount of cash received, and surcharged plain-
tiff's account with the amount of the commissions paid on securities,
which he found to be $273.32.   This amount should have been $373.-
32; but, in view of the conclusion reached, the error is immaterial.
He likewise allowed to the plaintiff, for receiving the corpus of the
trust, half commissions on the amount received in cash only.   The
question thus presented is whether Jarvis and the plaintiff were each
entitled to receive half commissions on the whole corpus of the trust
turned over to them as for money received.

The law does not contemplate that an estate is to be charged with
full commissions by every person who shall be called in to administer
a trust, nor that such persons are to perform their part of the duties
without any compensation whatever; but sections 2730, 2802, and
3320 of the Code of Civil Procedure clearly contemplate that an estate
shall be charged certain fees for the receiving and paying out of

moneys coming into the hands of persons administering a trust. Matter of Todd, 64 App. Div. 435, 72 N. Y. Supp. 277. No claim is made that Jarvis' estate is entitled to commissions on the fund or cash which it turned over to the plaintiff as for moneys paid, and it could n'ot well be because it has been held that a trustee is not entitled to commissions for turning over the estate to his successor. Palmer v. Dunham, 53 Hun, 637, 6 N. Y. Supp. 262; Matter of Todd, supra. As was said in Attorney General v. Continental Life Insurance Company, 32 Hun, 223, affirmed 99 N. Y. 674, 2 N. E. 152:

"It is the service or duty of collecting or gathering together the fund which subjects it to a charge for commissions, and not for succeeding to its possession after it has been gathered together."

The plaintiff, however, urges that his payment of commissions to the estate was proper under chapters 150 and 151, pp. 423, 424, of the Laws of 1902. While these statutes were not passed until after Jarvis' death, it has been held that the commissions allowed to testamentary trustees are governed by the law in force at the time of the settlement of their accounts. Naylor v. Gale, 73 Hun, 53, 25 N. Y. Supp. 934; Robertson v. De Brulatour, 188 N. Y. 301, 80 N. E. 938. It is claimed by the respondents that these statutes do not apply to the present case. Whether they do or not, the court had the power and ought to have awarded some compensation for Jarvis' services, aside from what he may have realized upon payments of income. Upon the death of the original trustees the execution of the trust devolved upon the Supreme Court, and thereafter it became its duty to appoint some one to execute the trust and invest the appointee with all or any of the powers and duties of the original trustee. Laws 1882, p. 223, c. 185; section 20, c. 45, Laws 1909. The court appointed Jarvis, and he thereupon became its agent to execute the trust, so far as it then remained unexecuted. Wetmore v. Wetmore, 44 App. Div. 52, 60 N. Y. Supp. 437. He died before the trust was fully executed, and then he had received neither commissions on receiving the property nor on paying it out. The court having appointed him as its agent, he should be allowed some compensation for the services, which it is conceded were faithfully and efficiently rendered. It seems to me that a fair measure of such compensation is to allow his estate commissions at half the statutory rates, not only upon the moneys which came into his hands originally, but also upon the moneys which he received in the course of his administration in the liquidation of securities which he originally received, and which, as principal of the fund, he was bound to reinvest. It appears from the accounts that $29,920.97 was paid to him in cash upon the liquidation of such securities, and upon this amount, plus $879.37, the cash received, making in all $30,800.34, his estate is entitled to one-half of the statutory rates, or $249. This, deducted from the $395.50 which plaintiff has paid his estate, would leave $146.50, with which the plaintiff's account should be surcharged.

For the same reason I think the plaintiff should have been allowed one-half the statutory commissions on not only the cash paid to him by the Jarvis estate, but also on the cash received in the course of

his administration in the liquidation of securities, which were originally received by him. The referee allowed him a commission only on the amount of cash received from the Jarvis estate. In this I think he erred. He was not only entitled to commissions for receiving the cash, as above stated, but was clearly entitled to commissions for paying out—that is, for distributing—the fund. The trust had terminated, and the duties assigned to him by the court had been fully performed. This commission of one-half the statutory rate should be estimated on the total fund which he has to distribute in cash or securities. Matter of Notman, 103 App. Div. 520, 93 N. Y. Supp. 82; Robertson v. De Brulatour, 111 App. Div. 882, 98 N. Y. Supp. 15, affirmed 188 N. Y. 301, 80 N. E. 938. It does not matter that the fund is to be turned over to trustees appointed under the will of Mr. Haggerty, or that plaintiff is one of them. So far as the trust for Anna K. Shaw is concerned, it was terminated by her death. The plaintiff has performed all the duties assigned to him by the court, and nothing remains but to distribute the trust fund as directed by the will.

The judgment appealed from, therefore, should be modified, as indicated in this opinion, by allowing commissions on the cash received and the fund distributed, the precise amount of which can be determined on the settlement of the order, and by surcharging the plaintiff's account with $146.50, and, as thus modified, the judgment should be affirmed, with disbursements of the appeal to all of the parties who filed briefs on the appeal, payable out of the trust fund. All concur.