---

In re ZIEGLER et al. (No. 7468.)

(Supreme Court, Appellate Division, First Department. July 9, 1915.)

1. EXECUTORS AND ADMINISTRATORS ⊂⊃495—CAPACITY AS TRUSTEES—RES JUDICATA.

The warrant for a division of an estate in the hands of executors, so as to allow them to continue as such with respect to the realty, and as trustees with respect to the personalty, and their right to receive double commissions, must be found, if at all, in the will, and neither their conduct, nor the prior decrees of the Surrogate's Court, directing a division of an estate, and allowing the executors to deal with the realty as executors and with the personalty as trustees, and settling their accounts as such, with the allowance of double commissions, was res judicata as to their right to such commissions.

  [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 2089–2106, 2108; Dec. Dig. ⊂⊃495.]

2. EXECUTORS AND ADMINISTRATORS ⊂⊃495—SETTLEMENT OF ACCOUNTS—DOUBLE COMMISSIONS—CONSTRUCTION OF WILL.

A will left the testator's city house and country home to his wife for life, with an annuity, and directed the executors to pay her household expenses, repairs, taxes, etc., and gave the residue to his son, appointing his wife and others, and his son at the age of 21, executors, to invest the estate, collect the rents and income, pay charges and annuities, educate the son, and invest the balance of the income until he became 21, when he should receive the entire income, and gave him one-quarter of the corpus at 25, and a quarter each 5 years thereafter, and authorized the executors to leave his estate as invested at his death, and to sell and convey property. Held, on the son's proceeding for an accounting of the income received and distributed, that the will did not differentiate the duties of the executors with respect to the real property and their duties with respect to the personal property, or require them as executors to conserve the entire estate, so that they might set aside the personal property in one fund as an express trust to be administered separately from their administration as executors, but directed no such division, and that accounting parties could administer the estate only by acting wholly as executors, or wholly as trustees, and not in both capacities, so that they were not entitled to double commissions on their payment over to themselves as trustees of the balance of the proceeds of realty in their hands as executors.

  [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 2089–2106, 2108; Dec. Dig. ⊂⊃495.]

3. TRUSTS ⊂⊃168—DEATH OF JOINT TRUSTEE—TITLE OF SURVIVORS.

Upon the death of one joint executor and trustee, the assets of the estate vested in the surviving coexecutors or trustees by reason of their joint title in the trust estate.

  [Ed. Note.—For other cases, see Trusts, Cent. Dig. § 221; Dec. Dig. ⊂⊃168.]

---

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

4. TRUSTS ⊚⇒316—COMPENSATION OF DECEASED TRUSTEE—COMMISSION ON PAYMENT.

Code Civ. Proc. § 2730, awards commissions for receiving and paying out. On the annual accounting of trustees, the surrogate decreed a settlement, and thereafter, before the signing of the decree, one of the trustees, who had during his lifetime performed all the duties of the trust, except the "paying out" pursuant to the decree, died. *Held*, that there could be no payment until an accounting had been settled and distribution directed, and that his estate was not entitled to a full one-half of the 1 per cent. commission for the subsequent paying out.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 445–459; Dec. Dig. ⊚⇒316.]

Appeal from Surrogate's Court, New York County.

Application by William Ziegler, Jr., for the judicial settlement of the accounts of E. Matilda Ziegler and others, executors and trustees under the last will and testament of William Ziegler, deceased. From part of a decree of the Surrogate's Court (85 Misc. Rep. 673, 148 N. Y. Supp. 1055), on the judicial settlement of the accounts, the applicant appeals. Modified.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Swan, Moore & Danforth, of New York City (John M. Bowers, of New York City, of counsel, and Joseph R. Swan, of New York City, on the brief), for appellant.

Robert Leslie Moffett, of New York City, for respondents E. Matilda Ziegler and William S. Champ.

Geo. V. Brower, of Brooklyn, for respondent Kings County Trust Co.

CLARKE, J. William Ziegler died on the 24th of May, 1905, leaving a last will and testament made on the 31st of March, 1905, which was duly probated. He left annuities to six relatives of $2,400 each. He gave to his wife his city house and stable and his country home at Noroton, with all household effects, etc., for her life, and $50,000 annually, and directed the executors to pay her necessary household expenses, and also to pay all the repairs, taxes, assessments, and expenses of said houses, ground, and stable, in lieu of dower. His will provided further that:

"All the rest and residue of my estate, I give, devise and bequeath to my son, William, after and subject to the following provisions:

"6. I appoint my said wife, William S. Champ, William J. Gaynor, and also my said son at the age of twenty-one years, my executors under this will. They shall take, care for and invest my estate in safe securities, collect all the rents and incomes, pay out of the same all necessary charges and expenses, and all annuities or sums given by this will, and also for the support and education of my son William what may be necessary. The balance of income they shall invest in safe securities and keep with the corpus of my estate until my said son comes twenty-one years of age. After he comes of age he shall receive the entire net income. When he comes twenty-five years of age they shall turn over to him one-quarter of the said corpus. They shall turn over to him another quarter thereof at the age of thirty, another at the age of thirty-five, and the last quarter at the age of forty. If he should die before me without lawful issue, or before he gets the said corpus, then the cor-

⊚⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

pus, or the part of it he has not received, to go to my brothers and sisters and their heirs.

"7. I authorize my executors to leave my estate invested in the properties, stocks, bonds and mortgages, etc., in which I may leave it.

"8. I authorize my executors or those of them who serve, their survivors or survivor, upon the consent of my said wife during her life, and also of my said son after he comes of age, to sell, to sell and convey any property, I leave, real or personal."

The appellant is William Ziegler, Jr. On his coming of age, July 21, 1912, claiming the net income of the estate which had accumulated during his minority, he brought a proceeding primarily to securing an accounting of the income received and disbursed during that period and payment over to him of the net income so shown to be in the hands of the accounting parties.

A proceeding by the accounting parties was brought for the settlement of their accounts for the period from November 30, 1911, to November 30, 1912. They declared themselves as holding and managing the real property of the estate as executors, and the personal property as trustees, and they proposed for settlement their account as executors in respect to real estate and their account as trustees in respect to personal estate. They also, as trustees, presented for settlement an account of income received and disbursed during the minority of William Ziegler.

These proceedings were consolidated, and came on for a hearing in April, 1912, and on July 23, 1913, the surrogate rendered his decision, and a decree in conformity therewith was offered for signing and entry in August, 1913, but was not signed when, in September, 1913, one of the accounting parties, William J. Gaynor, died. These proceedings were revived and continued, the Kings County Trust Company, executor under Mr. Gaynor's will, being brought in as a party. A new decree was then proposed, which decree was signed May 1, 1914, and entered May 2, 1914. By that decree the account of the accounting parties as executors in respect to the real estate was settled, and the survivors were directed to pay over to themselves as trustees the balance of proceeds from sale of real estate which were so found to be in their hands as executors, less one-half commissions awarded to each of the surviving executors and to the Gaynor estate for receiving those proceeds, and one-half commissions awarded to each of the survivors and to the Gaynor estate for payment of such proceeds by the survivors to themselves as trustees.

The decree further directed that, as trustees, each of the surviving parties and the Gaynor estate should receive one-half commission for the receipts of proceeds from sales of real property from themselves as executors as directed by the decree upon the prior accounting to November 30, 1911. The decree also settled their account as trustees in respect to personal estate and their account in respect to the income received during the minority of William Ziegler, Jr., and directed payment by the surviving trustees to William Ziegler, Jr., of the accumulated net income so shown to be in the hands of the survivors, less one-half commissions awarded to each of the surviving trustees and to the Gaynor estate upon such payment.

The appellant claims that the accounting parties were not entitled to act in the two capacities, namely, as executors in respect to the real property and as trustees in respect to the personal estate, and accordingly appeals from so much of the decree, first, as adjudges the accounting parties to act in those two capacities, and, second, as awards to them the double commissions, namely, one-half commissions to them as executors on payment over to themselves as trustees of the proceeds from the sale of real property, and to them as trustees one-half commissions for receiving those proceeds from themselves as executors. The appellant also claims that, as the decree which settled these accounts and directed payment was not made until subsequent to the death of Mr. Gaynor, and since Mr. Gaynor did not participate in the execution of the trusts created by the will by payment of balances directed to be made by the decree, his estate was not entitled to commissions thereon. Accordingly he appeals from so much of the decree as awards one-half commissions to the Gaynor estate upon payments directed to be made by the decree.

[1] First. In their petition upon this accounting these accounting parties show that they commenced their administration as executors, and that at the close of the year subsequent to the probate of the will, in 1906, they presented their account as executors and proposed to divide this estate, and to continue to deal with the real estate as executors and with the personal estate as trustees. Upon the settlement of that account a decree was entered which directed such division of the estate. In the account now presented they set up a separate executors' account in respect to the proceeds from sales of real property, and by this decree that account is settled, and they are directed to pay over the balance with which they are so charged to themselves as trustees, and as executors to take a commission upon such payment; also in this account they charge themselves as trustees with the payment received from themselves as executors, which was a payment of the balance of proceeds from sales of real estate established to be in their hands on the settlement of their account as executors for the year previous to this accounting, and which payment was directed to be made by the decree which settled that executors' account. The account in this proceeding awards them as trustees a commission for receiving that payment.

The warrant for a division of this estate in their hands, and for acting as executors in respect to a part of the real property, and so their right to receive double commissions, must be found, if it exists, in the will itself. Neither their conduct nor the prior decree of the Surrogate's Court settles that question. The decrees heretofore entered protect them for what they have done, but are not res adjudicata as to the disposition of the question presently raised upon this accounting.

In Meeker v. Crawford, 5 Redf. Sur. 450, decided on the authority of Stagg v. Jackson, 2 Barb. Ch. 86, affirmed 1 N. Y. 206, it was held that persons administering an estate were not, under the terms of the will in question, entitled to act as both executors and trustees, and to receive double commissions. The court said:

"By settling up as executors, and then holding a fund in trust, under the will, whether done voluntarily or by decree of the court, they do not become entitled to full double commissions on the fund."

Bowditch v. Ayrault, 138 N. Y. 222, 33 N. E. 1067, involved the interpretation of a clause of the testator's will. There had been several distributions of portions of the residue of the estate made by the trustee as from time to time he realized funds for that purpose, and such distribution had been made upon the theory that the legacies did not vest until each actual distribution of the estate which might from time to time be made, and in the event of the death of any one, who, if living at the time of the distribution, would have been entitled to a share of the property distributed, his descendants would be entitled to his share, but if he died before a particular distribution was made, without leaving any descendants, his interest passed to the survivors, and did not descend to the personal representatives or assignee of the legatee so dying. There remained a portion of the estate to be distributed. The court held that the former interpretation had been erroneous, and that the legacies vested at the death of the testator, subject to be divested by the death of any child before distribution and by the substitution of his or her descendants if any were left. If there were no such descendants, then the property remained vested in the child, and upon his death formed a part of his estate, subject to be disposed of as the law or his will provided. Judge Peckham said:

"The part payments made by the trustees upon the several past accountings  *  *  * have been approved by the surrogate, and must be regarded as conclusive upon all past transactions and payments covered by them. They form no bar, however, to the proper decision of the question now presented as to the distribution of the property now in the hands of the trustee."

This case was cited with approval and followed in Matter of Hoyt, 160 N. Y. 607, 55 N. E. 282, 48 L. R. A. 126; that is, that as to past payments the decree was conclusive, but was no bar to future payments.

There are two leading cases on the question of the payment of double commissions: Johnson v. Lawrence, 95 N. Y. 154, where the payments were not allowed, and Laytin v. Davidson, 95 N. Y. 263, where they were allowed. In each case the question was determined by the provisions of the will. In McAlpin v. Potter, 126 N. Y. 285, 27 N. E. 475, the opening clause of the will provided:

"I give, devise and bequeath to my trustees hereinafter named, except as otherwise provided, all my real and personal estate of which I shall die seised or possessed, in trust, nevertheless, for the uses and purposes, that is to say: I direct my executors and trustees, hereinafter named,  *  *  * to retain my estate entire and undivided until and except as hereinafter directed.

"First. Pay my funeral expenses and my just debts and all taxes legally assessed on my estate, and all necessary repairs and reasonable insurance."

The will then directed the payment of an annuity of $200 to a beneficiary named for life, and the payment of one-sixth of the net annual income to each of six beneficiaries during his or her life, the annuities to cease upon the death of the survivor of two persons named. Upon the decease of the surviving child of the testator, if all died before the

survivor of said two persons named, or upon the death of such survivor, the executors were directed to close and distribute the estate as directed. Then followed this clause:

"Twenty-First. I do hereby give, devise and bequeath to my trustees hereinafter named, all and every part of my property and estate of whatever name, nature or description, and wheresoever situate, to have and to hold the same in trust for the uses and purposes in this my will expressed, with power to lease, sell, assign, transfer and convey the same, collect, invest and reinvest the proceeds thereof as they shall deem best for the interest of my estate, excepting only as otherwise herein provided."

The court said:

"The principal question which is presented by this appeal is whether the commissions to be allowed are to be governed by the doctrine of Johnson v. Lawrence, 95 N. Y. 154, or Laytin v. Davidson, 95 N. Y. 263. Both cases agree in the rule that double commissions to the same persons, first in the character of executors and then in that of trustees, are to be awarded only when the will contemplates a several and separable action in each capacity, not at the same, but different, stages of the administration, and that they are not to be allowed where the will makes no such separation, but blends the two duties and commingles them without a severance. To the ordinary duties of an executor may be added the performance of a trust in such a manner that the two functions run on together. It is the duty of an executor as such to pay to a legatee the amount of the legacy in the manner and at the time provided by the testator, and it does not change that duty that the payment of the principal is postponed and the income made payable annually in the meantime. A trust duty may thus be imposed upon an executor which thereby becomes and is made a function of his office. A will must go further than that to admit of double commissions, and must clearly and definitely indicate an intention of the testator to end the executor's duty at some point of time, and require him thereupon to constitute and set up one or more several trusts, to be held and managed as such for the interest of the beneficiary. This will manifests no purpose of that character, for, while it creates a trust and speaks of the executors sometimes as trustees, there is no provision in it which requires or contemplates a holding of any part of the estate by trustees as distinguished from executors. At its very outset it makes the executors either wholly and continuously such, or wholly or continuously trustees, for in its first sentences it gives the entire estate in trust, and directs the 'executors and trustees hereinafter named' to retain it undivided until the period of distribution, and meanwhile to pay funeral expenses, debts, accruing taxes, repairs, reasonable insurance, one fixed and definite annuity, and aliquot parts of the net accruing income until the final distribution. There is no provision requiring any share or trust fund to be severed from the body of the estate, or to be ascertained as a residue of principal to be kept invested for its specific income payable to a beneficiary, but all duties without separation, whether imposed by the law or by the will, run on together, mingled and blended to the end. An examination of the cases in which double commissions have been allowed will show that they were exceptional in their nature and contained provisions distinctly and definitely pointing to a holding by trustees as such after the duties of the executors were completed and ended. This is not such a case, and double commissions were properly withheld."

[2] It seems to me that, under the rule established by the Court of Appeals, these accounting parties, to justify their position, must differentiate between their duties in respect to the real property and their duties in respect to the personal property of the Ziegler estate. They must further show that they are required, as executors, first to conserve the entire estate, that they may set aside the personal property in one fund for the purposes of an express trust established by the will, and the

administration of that trust must be separate and severable in both act and time from their administration of the estate as executors, and finally they must show that they are directed in both of the above particulars distinctly, definitely, and expressly, or by fair intendment, by the will under which they assume to act.   In this will the persons who are to administer this estate are to deal with both real and personal property from the commencement of their duties to their discharge at the same time and in the same manner, and both real and personal properties are equally subject to the testator's directions.   There is entire absence of any express or implied direction that a specific fund is to be set apart for the purposes of those directions.   The executors are "to take, care for and invest" the estate; that is, both real and personal property. As a result of the management they are to collect rents and incomes, and they are to pay out the same.   As to the corpus of the estate, one-quarter is to be transferred to the beneficiary at stated times, not one-quarter of the personal estate, while the real estate is reserved or held until converted into money, but one-quarter of the corpus, the whole estate, both real and personal.   It is impossible to find a direction that at some point of time in the administration of this estate, the personal property shall be set aside in a separate fund for the specific purposes of article 6, and that the persons named, shall then cease to act as executors and become trustees in respect to the personal property, while they continue as executors to administer the real property.   The evident intendment of the testator is to add to the duties of his executors the performance of a trust, or a power in trust, in such manner that the two functions were to run on together, and to make his entire estate, real and personal, equally answerable to the execution of the added functions.

There is no provision that the accounting parties are to hold the real estate until such time as they deem best to sell it, and then to add it to the personal property in their hands, to be there subject to any trust created by the will.   They may hold it, and they may sell it, but they may also hold and also sell the personal property, and under the same words of the will; further, they may not sell the real property, except upon the same conditions under which they may sell the personal property.   Under this will the accounting parties may rightfully administer the estate only by acting wholly as executors or wholly as trustees, and not in both capacities; and this is evidenced from the fact that, whether they act only as executors or only as trustees, provided they do act in the one capacity only, they can fully carry out and perform the terms of the will.

[3] Second. The Gaynor estate is not entitled to one-half commissions upon payments made under and by direction of the decree herein.   There is no contention that the said estate is not entitled to full commissions upon all funds received and disbursed during the lifetime of Mr. Gaynor.   The appellant contests only the right to one-half commissions upon payments directed to be made and actually made subsequent to Mr. Gaynor's death.   Upon the death of Mr. Gaynor, one of three executors or trustees, he left surviving two coexecutors or cotrustees.   The assets of the estate which they represent by that very fact vested in the survivors, this arising out of their joint title

in the trust estate. The estate of Mr. Gaynor can, therefore, make no claim based upon the paying over of the estate to the surviving trustees.

[4] The question is, therefore, whether his estate is entitled to one-half commissions upon payments directed to be made by the decree and actually made subsequent to his death. Section 2730 of the Code awards commissions for receiving and paying out; that is a declaration of when the commission is fully earned. There can be no payment until an account has been settled and distribution directed. In the Matter of Worthington, 141 N. Y. 9, 35 N. E. 929, 23 L. R. A. 97, it was said that an assignment of commissions made by an executor who thereafter died prior to the settlement of the accounts of himself and his coexecutor is invalid.

"Until his accounts were settled and the services which earned commission, thereby performed, the right to commissions was not vested, but inchoate, and not assignable."

In Palmer v. Dunham, 53 Hun, 637, 6 N. Y. Supp. 262, the court said:

"The amount awarded to the executors of Nicholas F. Palmer [a deceased trustee] on account of his services as trustee, was only one-half of the commission allowed by law to trustees for receiving and paying out monies. They claim that he was entitled to full commissions. We think not. It was said in the case of Wagstaff v. Lowerre, 23 Barb. 209, that the compensation of trustees is given for the care and management of the estate, and not for the simple act of receiving and paying out. It is nevertheless true that full commissions are not deemed to be earned until the trustee has both received and paid out the sum upon which the commission is to be computed. In the present case the trustee had actually received that sum. He had not paid it out, however, and in the construction of the statutes allowing commissions for money received and paid out the practice of the courts of this state has been uniform, from the time of Chancellor Kent, to the effect that one half of the commissions is to be regarded as granted for receiving funds and the other half for paying them out."

In the Matter of Todd, 64 App. Div. 436, 72 N. Y. Supp. 277, the court said:

"This exact question appears to have been before the General Term of the First Department in Palmer v. Dunham, 53 Hun, 637, 6 N. Y. Supp. 262, and after an examination of the authorities we find no reason for disagreeing with the conclusion of the court in that case, which was that, 'in accordance with the established procedure in this respect, half commissions were awarded to the executors of Mr. Palmer, but the other half for paying out the estate could not properly be allowed until it actually was paid out; but this, so far as he was concerned, was prevented by his death.' * * * Sections 2802 and 2730 of the Code of Civil Procedure clearly contemplated that the estate shall be charged certain fees for the receiving and paying out of the money coming into the hands of the trustee, and while there is room to doubt whether Mr. Todd ever became entitled to one-half of the fees, the trust estate never having been reduced to money, * * * it is certain that his estate has no legal or equitable claims upon the fees for disbursing the money."

It seems to us that the parts of the decree which are appealed from should be modified, as hereinbefore indicated, with costs to the appellant. Settle order on notice. All concur.