In re BLUN'S ESTATE.

(Surrogate's Court, New York County. March 25, 1916.)

1. EXECUTORS AND ADMINISTRATORS ☞495(3)—CONVERSION—COMMISSION.
    Where executors are empowered to convert the real estate into personalty they are entitled to commissions on the real estate affected by such provision in the will.
    [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 2092; Dec. Dig. ☞495(3).]

2. EXECUTORS AND ADMINISTRATORS ☞495(2)—ADMINISTRATION—COMMISSION.
    In a case where the line of distinction between the duties of the executors and of the trustees is not clearly drawn, and the duties of the executors and trustees do not at any particular place or time appear susceptible of severance, and as executors they may fully carry out the duty of administering the trust created by the will, the executors were not entitled to double commissions as executors and as trustees.
    [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 2089; Dec. Dig. ☞495(2).]

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. TAXATION ⬤⇒884—TRANSFER TAX.
    To divide a life interest in one-fifth of a residuary estate, so that the transfer of two-thirds was assessed against the life tenant and one-third against the trustees for the benefit of persons of the 1 per centum class, was error.
    [Ed. Note.—For other cases, see Taxation, Dec. Dig. ⬤⇒884.]

4. TAXATION ⬤⇒887—TRANSFER TAX—TRUST FUND—PAYMENT OF PRINCIPAL.
    Under a will giving the executors power to pay out a part of the principal of a trust fund to decedent's son, if he should desire to use it for business purposes, there was a power to invade the principal, but the remainder was presently taxable.
    [Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1709; Dec. Dig. ⬤⇒887.]

In the matter of the estate of Ferdinand S. M. Blun. From the transfer tax appraiser's report, and the order entered thereon fixing the tax, the State Comptroller appeals. Order vacated, and report remitted to the appraiser for correction.

Heymann & Herman, of New York City, for executor.

COHALAN, S. This is an appeal from the transfer tax appraiser's report and the order entered thereon fixing tax, on the grounds that said report and order are erroneous, in that commissions on real estate are disallowed, that commissions are not allowed to executors and trustees, that one-third of the life estate of F. Melville Blun in one-fifth of the residuary estate until reaching the age of 40 years was improperly taxed, and that the transfer of a portion of decedent's estate is found liable to taxation, notwithstanding the provision of the testator's will which empowered the executors to invade the principal said portion.

[1] Where the executors are empowered to convert the real estate into personalty, as they are under the testator's will, it is well settled that the executors are entitled to commissions on the real estate affected by such provision in the will. Matter of Saunders, 77 Misc. Rep. 54, 137 N. Y. Supp. 438. On this ground the appeal is sustained.

[2] As to the second ground of appeal it seems to me that this is a case where the line of distinction between the duties of the executors and of the trustees is not very clearly drawn. In other words, the duties of the executors and trustees do not appear, at any particular place or time indicated, susceptible of severance or distinction, and that as executors I think they may carry out fully and completely the duty of administering the trust created by the will. Under such circumstances the case under consideration falls in the same class with the Estate of William Ziegler, 168 App. Div. 735, 154 N. Y. Supp. 652. In the disposition of the appeal in that case the court said (168 App. Div. 744, 154 N. Y. Supp. 658):

"Under this will the accounting parties may rightfully administer the estate only by acting wholly as executors or wholly as trustees, and not in both capacities, and this is evidenced from the fact that whether they act only as executors or only as trustees, provided they do act in the one capacity only, they can fully carry out and perform the terms of the will."

⬤⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[3] The appellants also contend that the appraiser erred in dividing the life interest of F. Melville Blun in one-fifth of the residuary estate, so that the transfer of two-thirds was assessed against him and one-third against the trustees for the benefit of persons of the 1 per centum class. This undoubtedly was error, and I sustain the appellants' contention.

[4] Under the seventh clause of decedent's will the executors are given the power to pay out a portion of the principal of the trust fund to decedent's son if he should desire to use it for business purposes. This is undoubtedly a power to invade the principal. The appellants contend that under the law, as laid down in the Matter of Granfield, 79 Misc. Rep. 374, 140 N. Y. Supp. 922, Matter of Blyn, 160 N. Y. Supp. 730, and Matter of Spiegelberg, 160 N. Y. Supp. 730, this portion of the estate, owing to the fact that the power of invasion is created, should be suspended from taxation. I do not agree with this contention. An examination of the last two mentioned cases shows that they were based upon the decision in the Matter of Granfield, supra. This case was decided prior to the decision of the Court of Appeals in the Matter of Zborowski, 213 N. Y. 109, 107 N. E. 44. The theory of law as laid down in that case consequently was not applied in the disposition of the said cases. I think, therefore, that in the case under discussion the Matter of Zborowski governs, and that the said remainder is presently taxable.

As to the second and fourth grounds, the order fixing tax is affirmed. Let the order fixing tax be vacated and the report remitted to the appraiser for the purpose of correcting it in the respects above noted.