In the Matter of the Accounting of EUGENE L. BUSHE et al., as Surviving Trustees under the Will of FREDERICK T. ADAMS, Deceased, Appellants.

THOMAS H. LOW et al., as Executors of ALPHEUS C. DWIGHT, Deceased, et al., Respondents.

**Surrogates' Courts — testamentary trustees — commissions of deceased trustee — surrogate or Supreme Court has discretionary power to award or withhold commissions for services rendered by trustee before his death.**

1. No distinction should be made between the powers of the Supreme Court and those of the surrogate in dealing with the compensation of a testamentary trustee.

2. The surrogate in settling the accounts of trustees of an estate allowed the executors of the will of a deceased trustee compensation for his services up to the time of his death as a co-trustee. A modification by the Appellate Division consisted in increasing the allowance to the full amount of commissions for receiving trust property as fixed by section 2753 of the Code of Civil Procedure. The order states that the estate of the deceased trustee was entitled to this modification as a matter of right and not as a matter of discretion. *Held*, that the surrogate or Supreme Court has discretionary power and may award or withhold commissions in certain cases; and under circumstances such as here existing, may allow such sum as is reasonable for the services of a deceased trustee, not exceeding the statutory percentage.

*Matter of Bushe;* 183 App. Div. 834, reversed.

(Argued May 26, 1919; decided July 15, 1919.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered September 13, 1918, which modified a decree of the Greene County Surrogate's Court settling the accounts of the surviving trustees under the will of Alpheus C. Dwight, deceased.

The facts, so far as material, are stated in the opinion.

*Frank H. Osborn* for appellants. It was error for the Appellate Division to hold that the representatives of the deceased trustee were entitled, as matter of law, to

statutory commissions. (*Matter of Ingraham*, 60 Misc. Rep. 46; *Matter of Rutledge*, 162 N. Y. 31; *Flynn* v. *Judge*, 149 App. Div. 278; *Whitehead* v. *Draper*, 132 App. Div. 799; *Matter of Barker*, 186 App. Div. 318; *Matter of McCormick*, 46 Misc. Rep. 386; *Matter of Allen*, 29 Hun, 9; 96 N. Y. 327; *Matter of Hayden*, 54 Hun, 197; *Whitehead* v. *Draper*, 132 App. Div. 799; *Matter of Willets*, 112 N. Y. 289; *Robertson* v. *de Brulatour*, 188 N. Y. 301; *Olcott* v. *Baldwin*, 190 N. Y. 99.)

*Thomas H. Low* and *Fred P. Harrington* for respondents. The order of the Appellate Division modifying the decree of the Surrogate's Court so as to award to the estate of Alpheus C. Dwight one-half of the full statutory commissions for receiving so much of the principal and income of the estate of Adams as were received during said Dwight's lifetime, and also one-half of the full statutory commissions on such amounts as were paid out of principal and income to the date of said Dwight's death is correct and should be affirmed. (*Matter of Kellogg*, 7 Paige, 265; *Palmer* v. *Dunham*, 53 Hun; 125 N. Y. 68; *Matter of Todd*, 64 App. Div. 435; *Matter of Willets*, 112 N. Y. 289; *Beard* v. *Beard*, 140 N. Y. 260; *Olcott* v. *Baldwin*, 190 N. Y. 99; *Matter of Smith's Will*, 86 Misc. Rep. 136; *Matter of Johnson*, 57 App. Div. 494; 170 N. Y. 139; *Matter of Fiske*, 45 Misc. Rep. 298; *Linsley* v. *Bogart*, 152 N. Y. 646.) The surrogate erred in determining that Dwight's compensation should be based upon the length of time he had been in office. (*Halsey* v. *Van Amringe*, 6 Paige, 12; *Collier* v. *Munn*, 41 N. Y. 143; *Robertson* v. *de Brulatour*, 111 App. Div. 882; 188 N. Y. 301; *Matter of Roberts*, 3 Johns. Ch. 43; *Olcott* v. *Baldwin*, 190 N. Y. 99; *Matter of Fisk*, 45 Misc. Rep. 298; *Matter of Roosevelt*, 5 Redf. 601.)

CRANE, J. On December 21st, 1910, letters testamentary upon the last will and testament of Frederick P.

Adams of the town of Coxsackie, Greene county, New York, deceased, were issued to Eugene L. Bushe, Edward P. Dwyer and Alpheus C. Dwight. The three executors subsequently filed an account of their proceeding to December 31st, 1912, and by a decree judicially settling their accounts they paid over to themselves as trustees about $800,000 of personal property, after having been granted $32,297.76 for commissions and allowances. The three trustees continued to act until August 5th, 1914, when Alpheus C. Dwight died, and thereafter the remaining two trustees carried on the work of the trust. In January of 1917 Bushe and Dwyer, the surviving trustees, filed their accounts from December 31st, 1912, to December 31st, 1915, and cited Harriet M. Dwight and Thomas H. Low, as executors of the last will and testament of Alpheus C. Dwight, as parties to the proceeding.

The surrogate decided that the estate of Alpheus C. Dwight was not entitled to full commissions for receiving the amount above stated and that he had a discretionary power to fix this trustee's compensation according to the value of the services which he had performed. In his memorandum opinion he said: " The legal representatives of the estate of Alpheus C. Dwight, deceased, are entitled to an allowance for services actually performed for the benefit of the estate by the deceased executor and trustee of Alpheus C. Dwight, not by way of commissions but as payment for such services. * * * I have not computed the value of services of the deceased executor and trustee at full one-half commissions for receiving, where the amount has not been paid out, for the reason that the law does not contemplate that an executor or trustee shall be entitled to commissions for the mere act of receiving property. Such commissions are allowed for the services of legal representatives in taking care of, investing and reinvesting such property and for the responsibility connected therewith. He having served after the accounting in 1913, to the time of his death,

approximately one-half the time that the surviving executors and trustees have served to the time of the accounting, I have computed such services to be of the value of one-half the legal commissions due the surviving executors and trustees, believing this to be the fair and just compensation for such receiving."

On appeal the Appellate Division reversed the surrogate regarding these commissions and held that as a matter of law the estate of Alpheus C. Dwight was entitled to receive one-half commissions on all the principal received and on all the principal paid out and on the income received and paid out during his lifetime. The order of the Appellate Division states that this modification is made as a matter of law and not in the exercise of the court's discretion. The trustees of the Adams estate having appealed to this court we must decide what right the estate of a testamentary trustee dying before a judicial settlement of his accounts has to compensation.

It is urged that such a trustee who does not continue until judicial accounting is entitled to no compensation; that commissions are a matter of statute and that no provision has been made by the law for such a case. Section 2753 of the Code of Civil Procedure, as amended by chapter 443 of the Laws of 1914 and by chapter 596 of the Laws of 1916, reads: " On the settlement of the account of any executor, administrator, guardian or testamentary trustee the surrogate must allow to him " the rates of commissions therein fixed. These words indicate that commissions as a matter of right can only be allowed to an accounting testamentary trustee. There is nothing in the Code provisions fixing the compensation of a testamentary trustee who dies before a judicial settlement of his accounts or whose estate, he having died, is made a party to the accounting proceedings of a substituted or surviving trustee. As it has been held that a trustee is not entitled to any commissions until allowed by the court (*Matter of Worthington*, 141 N. Y. 9;

*Beard* v. *Beard,* 140 N. Y. 260; *Matter of Ziegler,* 168
App. Div. 735; 218 N. Y. 544) and the statute gives the
surrogate power to allow commissions only on the settle-
ment of the account of a testamentary trustee, there
may be some force in this view that the estate of Alpheus
C. Dwight, under these circumstances, was entitled to
no commissions.

On the other hand, it is said that where a testamentary
trustee dies after having received the estate and before
final accounting his estate is entitled as a matter of right
to one-half the statutory commissions fixed for receiving
but nothing for turning over the property to his successor
or survivor. This reasoning is based upon that line of
authorities which hold that executors, administrators
and trustees are entitled to one-half commissions for
receiving funds and the other half for paying them out
(*Matter of Willets,* 112 N. Y. 289), and to a practice,
which is said to exist, of allowing such half commissions
for receiving where the executor or trustee has died before
an accounting. (*Palmer* v. *Dunham,* 6 N. Y. Supp. 262;
affd., 125 N. Y. 68.)

Still another view is that the surrogate or Supreme Court
has discretionary power and may award or withhold com-
missions in certain cases; and under circumstances such
as here existing, may allow such sum as is reasonable for
the services of a deceased trustee, not exceeding the
statutory percentage.

The reasoning to sustain this view is that the testator
in selecting a trustee intended to pay him, and that he
is entitled to compensation, and that commissions are
allowed for the care and management of the estate and
not for the simple act of receiving and paying out.
(*Wagstaff* v. *Lowerre,* 23 Barb. 209.)

All of these views have some reason to support them
and perhaps some authorities, but the latter view, in our
opinion, has been the general practice adopted by the
courts and finds support in the decisions.

It is fully established that a surrogate may, in his discretion, refuse commissions altogether by reason of an executor's or trustee's misconduct (*Matter of Rutledge,* 162 N. Y. 31), and yet no such power is given by statute.

In *Matter of Allen* (96 N. Y. 327) a testamentary trustee had resigned and his successor had been appointed. A dispute arose over his right to compensation. This court said:

" The testator thought proper not only to create the trust, but to require for its execution three trustees, and the law now permits compensation to persons placed in that situation, and who serve to the end of the trust without regard to the actual trouble or labor to which they have been put. (*Collier* v. *Munn,* 41 N. Y. 143.) It is true the petitioner cannot claim on that ground. He does not intend to continue. For reasons involving no blame, he resigns, leaving the trust still existing and to be further executed by another person. Compensation, therefore, cannot be claimed as of course, and if allowed must also be measured by a, different rule from that which the law applies when the trusts created by the terms of a will, or otherwise, have been fully executed. He takes it, if at all, as one of the terms or conditions of his discharge. The court has power to award it, and within the statutory limit by which fees are allowed to executors and trustees, *its amount is discretionary.*"   (330.)

In *Matter of Welling* (51 App. Div. 355, 358) it was said: " In *Matter of Rutledge* (132 N. Y. 31) the Court of Appeals held that the language of section 2730 of the Code of Civil Procedure is 'not necessarily exclusive of all discretion in the surrogate and that its exercise should be left to him upon all the facts, in the review of which by the Appellate Division ample opportunity for correction is afforded.' These executors stand in the shoes of their testator. (*Matter of Wiley,* 119 N. Y. 642; Code Civ. Proc. § 2606.) Commissions are allowed to

trustees as compensation for services in the execution of a trust, and in the case of gross neglect and unfaithfulness the court may properly disallow them." [§ 2730 referred to is now § 2753.]

*Matter of Douglas* (60 App. Div. 64, 68) determined the right of an executor to compensation where he was discharged upon his own motion before the complete execution of his trust. The court said this:

" As to commissions, we are of the opinion that the surrogate was right in holding that the executor was not entitled to full commissions. Upon his own motion he was discharged before the final completion of the trust created in the will. Under such circumstances, he ought not to have full commissions, that is, commissions for receiving and disbursing the money which came into his hands. The surrogate allowed him one-half commissions, and this is all he was entitled to. In any view, the amount to be awarded, he having asked to be discharged before the final completion of the trust, was *in the discretion of the surrogate.*"

*Whitehead* v. *Draper* (132 App. Div. 799, 801) determined that, a substituted trustee having died, his estate was entitled to reasonable compensation:

" The law does not contemplate that an estate is to be charged with full commissions by every person who shall be called in to administer a trust, nor that such persons are to perform their part of the duties without any compensation whatever; but sections 2730, 2802 and 3320 of the Code of Civil Procedure clearly contemplate that an estate shall be charged certain fees for the receiving and paying out of moneys coming into the hands of persons administering a trust. * * * Upon the death of the original trustees the execution of the trust devolved upon the Supreme Court and thereafter it became its duty to appoint some one to execute the trust and invest the appointee with all or any of the powers and duties of the original trustee * * *.

The court appointed Jarvis and he thereupon became its agent to execute the trust so far as it then remained unexecuted. (*Wetmore* v. *Wetmore*, 44 App. Div. 52.) He died before the trust was fully executed and then he had received neither commissions on receiving the property nor on paying it out. The court having appointed him as its agent, he should be allowed *some* compensation for the services which it is conceded were faithfully and efficiently rendered."

No distinction should be made between the powers of the Supreme Court and those of the surrogate in dealing with the compensation of a testamentary trustee. It was held in *Matter of Runk* (200 N. Y. 447) that a Surrogate's Court has power to entertain a proceeding for the judicial settlement of the accounts of a trustee appointed by the Supreme Court as the successor of a deceased testamentary trustee, and that any trustee appointed by will or other competent authority is now authorized by express legislative enactment to render his accounts to that court.

Section 2490 of the Code of Civil Procedure says of the incidental powers of the surrogate that he may proceed in all matters subject to the cognizance of his court according to the course and practice of a court having by the common law jurisdiction of such matters.

If, therefore, the Supreme Court may, in its discretion, fix the compensation of a substituted testamentary trustee such discretion must also rest with the surrogate.

There is no apparent reason for a discretionary power existing for a substituted testamentary trustee and not for a testamentary trustee who has died before completing his work and judicial accounting. In this particular executors, administrators, testamentary trustees and substituted trustees must all be treated alike. If the law is to approximate a science it must be uniform in similar cases.

*Matter of Barker* (186 App. Div. 317, 325) has recently

passed upon this very point. After giving the authorities it is stated:

" There has, however, grown up in this State the judicial rule that, when a trustee ceases the performance of his duties as such, prior to complete administration of the trust estate, he is, in the discretion of the court, entitled to reasonable compensation for the services performed."

We do not consider *Matter of Todd* (64 App. Div. 435), *Linsly* v. *Bogart* (67 N. Y. S. R. 653) and *Olcott* v. *Baldwin* (190 N. Y. 99) as authorities to the contrary of the proposition we are here stating. The question of the surrogate's authority to allow less than the statutory compensation was not up for decision. The fact that the statutory allowance in these and other cases was given is not the same as holding that the surrogate had no authority to allow a less amount in a proper case.

In this matter before us we do not say that it would have been improper for the surrogate to have allowed in his discretion all that has been given by the Appellate Division. The facts are not before us and we could not pass upon them if they were. We do hold, however, that as to the compensation to the estate of Alpheus C. Dwight, the surrogate had a discretion to be reasonably exercised in view of all the circumstances and the services rendered by the said Dwight, and that having fixed the amount within the statutory limits he did not err as a matter of law.

The order of the Appellate Division should, therefore, be reversed, and the decree of the surrogate affirmed, with costs to the appellant in this court and in the Appellate Division.

CHASE, COLLIN and CUDDEBACK, JJ., concur; HISCOCK, Ch. J., HOGAN and McLAUGHLIN, JJ., dissent.

Order reversed, etc.