Samuel J. Silverman, J.
Motion to judicially settle the final account of the committee is granted. Upon the settlement of this order the final account shall be amended so as to reflect all additional income and disbursements to date. Commissions in the sum of $446.88 are allowed. In computing commissions the court, in its discretion, has not allowed any commissions on principal. The committee has already received at least one half of commissions on principal in a prior accounting in 1959, at the time when a cocommittee died and petitioner became the sole surviving committee. To allow the estate to be burdened by a further double set of principal commissions (since the successor committee will in all probability receive commissions *767 on the principal received) would be an abuse of such discretion, particularly since the committee was permitted to resign for his own convenience, and his son is being appointed as successor committee. (See Matter of Bushe, 227 N. Y. 85, 91 [1919]; Matter of Frank, 196 Misc. 535, 539, affd. 278 App. Div. 694, affd. 303 N. Y. 894 [1952]; Matter of Barker, 230 N. Y. 364, 371 [1921]; Whitehead v. Draper, 132 App. Div. 799, 802 [1st Dept., 1909]; cf. Mental Hygiene Law, § 115-j.) There have been almost no investment problems. The estate consists entirely of two securities and some bank accounts. There has been no change in the securities and only minimal change in the bank accounts during the accounting period (1959-1964).
Practically nothing has been spent for maintenance of the beneficiary as he has been in a Veterans’ Administration hospital. Substantially the only disbursements have been administration expenses and income taxes.
Transfers from one bank account to another cannot properly be considered as receipts and disbursements.
The committee having heretofore paid to himself $456.77 as commissions, he shall refund $9.89. The bond premium shall be paid. Attorney’s fees in the sum of $1,250 are allowed, of which the sum of $600 has already been paid, plus such disbursements as are supported by an affidavit submitted upon the settlement of this order. The special guardian is allowed the sum of $400 for his services. Arno Matschke, Jr., is appointed as successor committee upon his executing and filing a bond in the sum of $85,000 and upon his qualifying in accordance with the respective provisions of the Mental Hygiene Law.