---

(74 Misc. Rep. 341.)

### In re BALDWIN.

(Surrogate's Court, Westchester County. November, 1911.)

LIFE ESTATES (§ 15*)—"INCOME"—RIGHTS OF LIFE TENANT.

    A dividend on corporate stock forming part of a trust estate paid in bonds and scrip from the accumulated earnings of the corporation is "income," and should be distributed to the life tenants, and does not belong to the remaindermen.

    [Ed. Note.—For other cases, see Life Estates, Dec. Dig. § 15.*

    For other definitions, see Words and Phrases, vol. 4, pp. 3501-3507; vol. 8, p. 7685.]

In the matter of the settlement of the account of Anson Baldwin, trustee. Decree rendered.

McCabe, Davis & Kernan, for trustee.

John Q. A. Johnson, for Caroline C. Johnson, and special guardian for Johnson infants.

Blair & Rudd, for Mary E. Curtiss and Frederic H. Curtiss.

MILLARD, S. Upon the return of the citation certain objections were filed, all of which were passed upon by me at the time the accounting was heard; and the only question left open was as to whether a certain stock dividend declared on September 20, 1910, belonged to the life tenant or to the remaindermen.

The matter was carefully presented to the court by oral argument and by very carefully prepared briefs on both sides; and, in place of taking oral evidence, an agreed statement of facts was presented, showing the circumstances under which the issue of stock was made, which agreed statement of facts also had annexed to it a copy of the will of Abijah Curtiss. After the argument was had, and these papers submitted, the case of Thayer v. Burr was reported in 201 N. Y. at page 155, 94 N. E. 604, which to my mind made the law upon this subject somewhat clearer than it was before; and at my suggestion, by agreement of all parties, additional information was asked for which resulted in the filing of additions to the agreed statement of facts and stipulation in connection therewith. This case holds clearly that where a trust estate holds corporate stock on which it has received bonds and scrip in the nature of a dividend, representing in part earnings and in part an increase in the value of the investments of the company, the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

life tenant is entitled only to such portion of the bonds as represent earnings. The portion representing increased value of the corporate securities is a distribution of capital and belongs to the remainderman.

The questions submitted to and the answers of Barton Haselton, secretary and treasurer of the Rome Brass & Copper Company, leave no doubt in my mind as to what must be done with the question submitted to me.

Question 3 asked of him is as follows:

"Third. Was the whole of said surplus derived from accumulation of undivided profits of the company's regular business operations during the preceding years?"

His answer was, "Yes."

Question 5 was as follows:

"Fifth. Did any portion of said surplus represent an increase in book value over cost of any real estate, securities, or other investments owned by said company? If so, please state the amount, in figures, of such portion of the surplus, and specify the sources from which the same had been derived."

His answer to that question was, "No."

Question 6:

"Sixth. Please state whether or not the surplus profits of the said company's business, undivided and accumulated and held, on September 1, 1910, as part of the company's available assets, exceeded the par value of the $900,-000 of stock issued as a dividend on that day."

His answer was, "Yes."

In addition to these questions and answers, at the close of his letter under date of August 16th, he makes this further statement:

"Would further state that the surplus existing September 1, 1910, was made up entirely of earnings that had accumulated over a period of many years. No part of it represented increased value of investments of any kind."

Under the decision above referred to, there can be no doubt that all of this dividend of stock on the 20th of September, 1910, must be treated as income and should be distributed to the life tenants.

Findings and decree in accordance with this decision shall be settled on notice; and at that time, if there is any other objection which has not been passed upon, I will dispose of it, which means that, if the commissions are not agreed upon, they will be settled in the decree.

Decreed accordingly.