In the Matter of the Accounting of ANSON BALDWIN, as
    Trustee under the Will of ABIJAH CURTISS, Deceased,
    Respondent.

CAROLINE C. JOHNSON et al., Appellants;   MARY E.
            CURTISS et al., Respondents.

*Matter of Baldwin*, 157 App. Div. 897, affirmed.
(Argued November 18, 1913; decided December 3, 1913.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the second judicial department, entered
May 23, 1913, which affirmed a decree of the Westchester
County Surrogate's Court settling the accounts of Anson
Baldwin as trustee under the will of Abijah Curtiss,
deceased.

*James M. Hunt* and *John Q. A. Johnson* for appellants.

*William W. Scrugham* and *John N. Blair* for
respondents.

CHASE, J.   The appellants urge that certain shares of
the stock of a corporation, which were delivered to the
trustee herein as a part of a stock dividend of said corpo-
ration amounting in the aggregate to $900,000 upon
shares of stock held by the testator at the time of his
death and since held by the trustee in certain trusts under
the will of the testator, were erroneously awarded by the
decree of the surrogate to the life beneficiaries under the
trusts.

The stock dividend of $900,000 was a division of a part
of the accumulated earnings of the corporation amounting
on September 20, 1910, the date of the declaration of such
stock dividend, to substantially $1,416,444.25.   The tes-
tator died August 2, 1888, about twenty-two years prior
to the declaration of the dividend.

Upon the evidence in this case it will be assumed that
the earnings to the extent of said $900,000 were accumu-
lated subsequent to the creation of the trusts and that it
was the intention of the testator that the beneficiaries
under the trusts should have the dividends so earned.

We agree that commissions were properly allowed to the substituted trustee for receiving the principal of the trusts. The order should be affirmed, without costs.

CULLEN, Ch. J., GRAY, WILLARD BARTLETT, HISCOCK, COLLIN and MILLER, JJ., concur.

Order affirmed.