In the Matter of the Intermediate Settlement of the Accounts of ANSON BALDWIN, as Trustee of the Trusts Created by and under the Last Will and Testament of ABIJAH CURTISS, Deceased.

ANSON BALDWIN, as Trustee, and FREDERICK H. CURTISS, Appellants.

Second Department, October 3, 1919.

**Trust — dividends and subscription rights declared on stock held in trust — judgment — decision that dividends and subscription rights are income — when stock purchased on subscription rights properly transferred to life beneficiary.**

Where it has been judicially determined that a dividend declared upon stocks held under a testamentary trust is income and belongs to the life beneficiary, subscription rights offered to stockholders by the corporation also belong to the life beneficiary. Thus, where the trustee in his discretion had purchased additional stock under the subscription rights it was proper for him to transfer the stock so purchased to the life beneficiary upon his payment of the par value thereof, and it was error to charge the trustee upon an accounting with the value of the additional stock.

SEPARATE APPEALS by the trustee, Anson Baldwin, and by Frederick H. Curtiss, a life beneficiary, from parts of a decree of the Surrogate's Court of Westchester county, entered in the office of the clerk of said Surrogate's Court on the 12th day of December, 1918, on the second intermediate accounting.

Part of the principal under the trust created by the will of Abijah Curtiss, of which Frederick H. Curtiss was to be paid the income, was originally thirty-five shares of the stock of the Rome Brass and Copper Company. Before the first accounting, and on September 1, 1910, that corporation issued a 300 per cent stock dividend from surplus profits, so that these thirty-five shares thus brought one hundred and five shares. There was also offered a subscription right to take $200,000 new treasury stock, giving to existing stockholders of record the right to take one new share for every seven shares held.

The trustee first treated the 105 new shares as principal. He thus appeared on the stock ledger as trustee holding 140

shares. He was confident of the intrinsic value of the subscription right. So he also took the 20 shares offered on this 140 shares, paying therefor out of cash on hand and from borrowing. He testified that he " exercised the right in behalf of all parties," taking all the stock available on his record holding. When it was decided that this stock dividend was income (*Matter of Baldwin*, 74 Misc. Rep. 341; 157 App. Div. 897; 209 N. Y. 601) it established the title of the beneficiary. The trustee on March 31, 1914, therefore, passed to the beneficiary the 15 new shares obtained upon the subscription rights of his 105 new shares, and the beneficiary paid the trustee for their par value. The other 5 shares out of the 20 subscribed were added to the principal.

In these accounting proceedings these fifteen shares have been regarded as principal. The accounting trustee has been charged with $2,640, the full market value of such shares. An allowance of $750 was made to the special guardian.

*William W. Scrugham*, for the appellants.

*John Q. A. Johnson* [*Frederick Hughes* with him on the brief], for the respondents Caroline C. Johnson and others, and for the special guardian of the infant respondents.

PER CURIAM:

It has been settled that the Rome Brass and Copper Company stock dividend, declared in 1910, was income, and as such passed to the life beneficiary, instead of becoming an accretion to the principal trust fund. (74 Misc. Rep. 341; 157 App. Div. 897; 209 N. Y. 601.)

After such final decision in December, 1913, and the surrogate's decree entered thereon, directing the trustee to deliver such 105 shares to the life beneficiary, the trustee further transferred to such beneficiary the 15 shares of new treasury stock which he had subscribed for, taking reimbursement for the amount advanced. This was right, as the determination that the stock dividend was income carried also the appurtenant subscription right, as both were from accumulated profits. (*United States Trust Co.* v. *Heye*, 224 N. Y. 242.) The subscription right to the 15 shares here in dispute followed

the ultimate title to the 105 shares for which the trustee subscribed on behalf of whoever should be finally entitled thereto.

In view of the situation of the infant parties to this accounting, the $750 allowance to the special guardian is reduced to $500.

Therefore, so much of the decree of the Surrogate's Court of Westchester county is reversed as charges against the trustee the value of fifteen shares of the Rome Brass and Copper Company transferred to Frederick H. Curtiss. The trustee's account, as amended and filed, is settled, with costs to the appellants, also to the respondents who have appeared, payable out of the estate.

JENKS, P. J., MILLS, RICH, PUTNAM and BLACKMAR, JJ., concurred.

Decree of the Surrogate's Court of Westchester county reversed in so far as the trustee is thereby charged with the value of fifteen shares of the Rome Brass and Copper Company transferred to Frederick H. Curtiss. The allowance to the special guardian is reduced from $750 to $500. The trustee's account, as amended and filed, is settled, with costs to the appellants, also to the respondents who have appeared, payable out of the estate.