In the Matter of the Estate of H. EUGENE EXTON, Deceased.

Surrogate's Court, New York County, May 7, 1936.

*Cohen, Gutman, Goldberg & Zorn,* for the trustees.

*Larkin, Rathbone & Perry,* for the substituted trustee.

DELEHANTY, S. Clause sixth of the will of deceased directed that the residue of his property be placed in trust. It directed that his trustees take the residue " and divide it, if my said wife be then living, into as many shares or parts, plus one, or if my said wife be not then living, into as many equal shares or parts as I shall leave children me surviving * * * the value or amount of each such share or part to be determined in the manner hereinafter set forth, and to hold one of such shares or parts in trust for my said wife, * * * and one for each of my children."

The will then provided that until the wife remarried the trustees were to " pay the net annual rents, income and profits from all said shares or parts " to deceased's widow. There was provision later that upon the death of the wife the share or part held in trust for her was to be subdivided and portions further held in trust as accretions

to the capital of the trusts for the children. The will further provided that when the wife ceased to be entitled to the income either by death or remarriage the trustees were to pay the income to or for the benefit of the respective children.

This expressed scheme of the testator effected the creation of four separate trusts. Each trust capital has a value less than $100,000. The fact that the aggregate of all the trust capitals exceeds $100,000, even when coupled with the fact that presently the widow is living and receives the entire net income, does not alter the basic fact that the trusts are four in number and that for the purpose of a payment of commissions to the trustees must be dealt with separately. Consequently there is allowable to all the trustees only a single commission in the case of each trust. (*Matter of Johnson*, 170 N. Y. 139.)

By his will deceased directed that if two or more of his trustees either failed to qualify or, having qualified, thereafter died, resigned or became incapable of performing the functions of a trustee a named corporate trustee should be added. Here the direction of the will is operative because two of the acting trustees seek permission to resign and that permission is granted. So far as the successor trustee is concerned it must be recognized that its appointment is pursuant to the command of the will and hence establishes a basis upon which the successor trustee so appointed will be entitled to commissions (*Matter of Thomas*, 254 N. Y. 292, 297), unless for reasons recognized in the authorities commissions would be denied on general principles. The question of future commissions to the successor trustee is not here important except as this presumptive future right to commissions affects the question of compensation to the trustees who have resigned.

One resigning trustee seeks no compensation and has waived commissions both on principal and on income. The other resigning trustee seeks a full principal commission in each trust. He has waived all commissions on income. For the reasons already stated only a single commission may be paid to the trustees collectively. The resigning trustee who seeks commissions may lawfully be paid, therefore, not to exceed one-third of a full commission on each trust principal. So far as the trust principal has been paid out this resigning trustee should receive a one-third commission for receiving and paying out the amount finally disposed of. In respect of the trust principal remaining for future disposal his right to principal commissions even for receiving is not an absolute right. It rests entirely in the discretion of the surrogate. (*Matter of Bushe*, 227 N. Y. 85; *Matter of Allen*, 96 id. 327.) In the *Bushe* case the surrogate took into account the length of the service rendered by the

trustee who there had not completed the administration of the estate and allowed only a part of the maximum commission possible. The Appellate Division reversed the surrogate but the latter's decree was reinstated by the Court of Appeals. The record here shows that the trustee in question has served substantially two years. It is obvious that the trusts under normal circumstances will continue for substantial periods. In such circumstances and with the knowledge that the fact of his resignation will subject this estate to a future demand by the substituted trustee for receiving commissions, this court should not allow a full one-third receiving commission to the resigning trustee on so much of the property as has not been paid out. Accordingly and in the exercise of discretion the court determines that the commissions payable to the resigning trustee who has not waived are to be computed by allowing to him one-third of a full commission to cover the receiving and paying out of so much of the respective trust capitals as have been finally disposed of and by allowing to him one-sixth of a full commission for receiving so much thereof as still remains for administration by the continuing and by the substituted trustee.

The trustee who has elected to continue in office will be entitled to one-third of a full commission, and since no objection is made to her request for receiving commissions at this time they will be allowed to her. She will be allowed one-third out of paying out commission as well on so much of the trust principals as have been finally disposed of.

Complete decree by inserting all proper amounts of commissions in conformity with this decision.