In the Matter of the Account of HARRIETT A. WAGEMAKER, as Executrix of ISAAC WAGEMAKER, Deceased.

HARRIETT A. WAGEMAKER, as Executrix, etc., Petitioner; WALLACE WAGEMAKER et al., Objectants.

Surrogate's Court, Wayne County, November 10, 1942.

*E. W. Hamn* for executrix.

*George Britten* for Cora E. J. Milem, as executrix of George H. Milem, deceased.

*Jesse C. Petteys* for Wallace Wagemaker and Esda Malchoff, legatees, objectants.

BRASSER, S. George H. Milem, one of the executors named in the last will and testament of Isaac Wagemaker, deceased, was duly appointed on January 7, 1941, and served as coexecutor of said testator's will until his death on April 22, 1941. The inventory filed by the executors shows that the testator's gross estate was less than $100,000. A transfer tax proceeding has been had, and the values showing therein indicate that the gross value of the principal of the estate exceeds $100,000. Wallace Wagemaker and Esda Malchoff, legatees, contend that the amount of the estate as fixed by the inventory should be the guide for determining the commissions. The executrix of the will of the deceased coexecutor contends that the commissions should be based upon the gross estate as fixed by the judicial determination in the transfer tax proceeding. Testator owned shares of stock in the Lyons Cold Storage Company and the Newark Cold Storage Company, which are unlisted and inactive. Values thereof have been determined on the basis of the corporate net worth and earning capacity over a period of several years prior to the testator's death. This method is approved where stocks are inactive and no market value is ascertainable by sale or exchange. The specific legacies have been properly eliminated in arriving at the amount of the gross estate pursuant to subdivision 5 of section 285 of the Surrogate's Court Act [L. 1920, ch. 928]. The real property has been sold by the surviving executrix pursuant to testamentary authorization.

I hold that commissions payable to the executrix of the will of George H. Milem shall be computed upon the values shown in the estate tax proceeding, and that the estate of George H. Milem shall be awarded commissions at the full statutory rate upon property which actually came into the hands of the executors during the lifetime of George H. Milem, not including unrealized increments in value, if any there be, plus full statutory commissions for such portions of the assets as were actually expended by the coexecutors prior to the death of George H. Milem. (4 Butler on New York Surrogate Law and Practice, § 2941; *Matter of Baldwin,* 157 Misc. Rep. 692; *Matter of Hurley,* 149 Misc. Rep. 68.)

The objections of the said legatees are dismissed. Proceed accordingly.