In the Matter of the Accounting of NATIONAL BANK OF AUBURN, as Successor Executor of MARY L. TELLER, Deceased.

Surrogate's Court, Cayuga County, November 10, 1952.

*Richard C. S. Drummond, Burke W. Drummond* and *Edward T. Boyle* for successor executor, petitioner.

*Frederick B. Wills* for President and Trustees of Williams College and another.

*Van Vorst, Siegel & Smith* for Tuskegee Institute.

*John J. Karpinski* for Cayuga County Society for Prevention of Cruelty to Animals.

*Stuart R. Treat* for Old Ladies Home of Auburn, New York.

*Moser, Johnson & Reif* for Gladys H. Leonard and another, as administrators of the estate of E. Walker Leonard, deceased.

SEARING, S. Upon this proceeding the successor executor, the National Bank of Auburn, claims to be entitled to full commissions as such fiduciary upon all sums of money and property received and paid out by it during its administration, including such funds as were received by it and transferred to it upon the judicial settlement of the accounts of the personal representatives of the preceding executor who had died before the administration of the estate had been completed.

Objection to this claim is made by several of the residuary legatees, particularly and formally by the administrators of the estate of E. Walker Leonard, deceased, one of the residuary legatees, claiming that the successor executor is not entitled to commissions on the funds transferred to it upon the previous accounting.

The awarding of commissions for the services of executors is controlled strictly by statute as is covered by section 285 of the Surrogate's Court Act, which, so far as it applies to this case, reads as follows: " On the settlement of the account of *any* executor, administrator or guardian, the surrogate *must* allow to him his just, reasonable and necessary expenses actually paid by him * * * and in addition thereto the surrogate *must* allow to such executors, administrator or guardian for his services in such official capacity, and if there be more than one, apportion among them according to the services rendered by them respectively. 1. For receiving and paying out *all* sums of money ". (Italics supplied.) Then follow a schedule of percentages, and also other provisions not pertinent to the question involved here.

The statute must be construed strictly; the court has no latitude, and no discretionary powers are provided except to make an apportionment of commissions among fiduciaries serving concurrently and not successively.

Formerly, the section of the statute included testamentary trustees, but that was deleted when section 285-a was enacted and thereafter a different method was adopted for determining the compensation of such trustees.

The case history upon commissions to be awarded to successor executors is very barren of authority. There seems to be a number of decisions dealing with the compensation of successor trustees before the enactment of section 285-a of the Surrogate's Court Act as cited in the briefs which apply to section 285 strictly and allow them full commissions. (*Matter of Johnson,* 140 Misc. 560; *Matter of Schepp,* 9 N. Y. S. 2d 112–118; *Matter of Staiger,* 249 N. Y. 229; *Matter of Clarkson,* 171 Misc. 188; *Matter of Thomas,* 254 N. Y. 292; *Matter of Hurst,* 111 App. Div. 460.)

There is only one case that defines successor executor's commission and that is *Matter of Depew* (6 Dem. 54, 56) to quote from opinion, " if a sole executor die leaving some portion of the estate unadministered, and an administrator with the will annexed be appointed, the latter will be entitled to full commissions on the portions coming into his hands as such; the same principle governs in case of an administrator *de bonis non.* I think it applies with equal force to an executor, one of two or more named in a will, who does not act or qualify until after the death of one who did so qualify and act. He, in effect, is the successor, and takes up the estate where his predecessor left it ".

This case defining the law was reported in 1888 out of the Surrogate's Court of Westchester County and the ruling does not appear to have been altered or distinguished in all these years.

It must have been followed by other courts or changes would have occurred by judicial interpretation or legislative enactment.

The standard treatises on Surrogate's practice bear out this rule (see 6 Jessup-Redfield, Surrogates' Law and Practice, § 5328, p. 600; and 4 Warren's Heaton on Surrogates' Courts, § 425, par. 2, cl. [b]; § 426, par. 4).

This seems to be the prevailing practice in other Surrogates' Courts.

The most compelling reason in this instant case for the objections to the claim for full commissions by the successor executor is that E. Walker Leonard, the preceding executor very nearly liquidated the estate of said deceased and the estate was practically ready for settlement and distribution when he died. His personal representatives were able on their accounting to transfer to the successor executor a very large portion of the assets in cash and Government bond certificates, upon which the successor executor named in the will has not been required to perform services, except to hold securely, service and account upon judicial settlement and to distribute.

The law does not contemplate nor provide any rule for a varying size of the amount turned over to the successor fiduciary and although it may seem a hardship to the estate and a diminution of the shares of the residuary legatees, the Legislature has provided for only one rule by which commissions are awarded.

In naming an executor and a successor executor in her will the testatrix may have presumed to have contemplated an additional cost of administration by the reason of a possible death of the first executor.

It would seem that some legislative enactment might be necessary to define more clearly the statute of compensation of successor executors or give more discretion to the courts.

However, in the instant case and in view of the above, this court is constrained to follow the statute strictly and award full commissions to the successor executor upon the whole amount received by it, including funds transferred to it by its predecessor and on amounts paid out by it and to be distributed.

Let the decree so provide; settle and distribute accordingly.