Joseph A. Cox, S.
In this proceeding to settle his account, a trustee who has been removed without cause, petitions for receiving commissions on an unrealized increase of the trust assets. The question presented is a novel one. Our courts have previously determined that when a trustee dies or when a trustee resigns, this court has discretionary power to fix the compensation to he awarded to the deceased or resigning trustee provided that the amount fixed is within the statutory limits of full commissions (Matter of Bushe, 227 N. Y. 85; Matter of Barker, 186 App. Div. 317, mod. 230 N. Y. 364; Matter of Allen, 96 N. Y. 327). In the case at bar, it is the court’s belief that the same rule should apply.
Our courts have also in the past uniformly held that a trustee is not entitled to receiving commissions on unrealized assets. (Matter of Mohr, 167 Misc. 523; Matter of Walker, 138 Misc. 879; Matter of Robinson, 157 N. Y. S. 2d 661.) The facts in this case incline this court to a different viewpoint. When this trust was created in 1951, this trustee as one of three, received assets in two trusts each of which was in the sum of approximately $319,000. During his period of trusteeship, each of the trusts rose in value to approximately $550,000. Had the stocks and other assets of the trusts been sold and reinvested in other securities prior to the accounting, there would be no question as to the trustee’s right to receive commissions on the full increment to the principal of each trust fund.
It is true, as Judge Delehanty pointed out in Matter of Mohr (supra) that the granting of commissions on unrealized increment to trust funds might create a dangerous practice pursuant to which executors and trustees would choose their dates to account according to the prevailing stock market quota *892 tions. However, in the case at bar, the date picked by the retiring trustee was not of his making or choice. He was removed without cause. He will be turning over to the new trustee trust assets of approximately $550,000 in each of two trusts and the new trustee will be entitled to receiving commissions on those amounts. Under these circumstances, this court is inclined to the belief that the trustee in this instance could, in this court’s discretion, be awarded full receiving commissions on the unrealized increment to the trust funds.
However, the petitioning trustee has asked this court, in its discretion, to award him commissions on 60% of the unrealized increases. This request seems to be eminently fair. Confining this decision to the facts in the case at bar, the court holds that the retiring trustee is entitled to receive receiving commissions on the amount he actually received, on the realized increase to the trust funds, paying commissions on the amount he actually paid out, and additional receiving commissions on 60% of the unrealized increment to the trust funds which he is turning over to his successor trustee.
The fee of the attorneys for the trustee has been fixed in the amount requested. Disbursements have been taxed. Resubmit decree with computations completed.