W. Vixcext Geady, S.
A petition for the final judicial settlement of the accounts of Joseph E. Vigeant and Benson R. Frost as sole surviving executors of the last will and testament of Genevieve M. Vigeant, deceased, having been filed in this office and objections to the account and a request for a construction of the will having been made by Rita K. Meagher, as administratrix of the estate of George F. Meagher, deceased, and as general guardian of the person and estate of Jane Frances Meagher, an infant under the age of 14 years, and the court having heard the arguments of counsel and having read the will and the memoranda submitted by respective counsel, and after due deliberation thereon, decides and finds as follows:
It appears that the decedent Genevieve M. Vigeant departed this life a resident of Dutchess County on the 30th day of September, 1959 leaving a last will and testament dated July 11, 1959 which was duly admitted to probate in this court on the 2nd day of December, 1959.
The first objection to the account relates to the failure of the executors to pay Jane Frances Meagher, an infant, a legacy of $2,000 directed by paragraph numbered “Fifth” of the last will and testament of said decedent. This amount should be paid to the general guardian without interest, upon her filing with this court a certified copy of the order of her appointment and evidence of due qualification thereunder.
The second objection to the account is that it does not provide for the payment of full commissions to George F. Meagher, deceased executor.
The account shows that the gross taxable estate is $140,270.75 which indicates that each of the three executors are entitled to full commissions pursuant to section 285 of the Surrogate’s Court Act.
It appears that the late George F. Meagher, acting with the other executors, had completed marshalling the assets of the estate and had paid out a substantial part of estate funds prior to his death on March 28,1960.
From the facts submitted, it is the conclusion of the court that Mr. Meagher substantially completed his work as executor *571 and is therefore entitled to full commission. (See Matter of Keeler, 49 N: Y. S. 2d 592; Matter of Battell, 261 App. Div. 120, affd. 286 N. Y. 97; Matter of Wagemaker, 179 Misc. 137.)
The third objection requests a construction of paragraph “ Sixteenth ” of Mrs. Vigeant’s will which provides as follows: ‘1 All the rest, residue and remainder of my Estate, both real and personal and of every name and nature whatsoever, and wherever situate, I give, devise and bequeath to my Trustees hereinafter named, they to hold the same for the benefit of my husband Joseph e. vigeant, and to pay over to him the income and profits arising therefrom so long as he shall live.
“ Upon the death of my said husband, or should he predecease me or perish with me in a common disaster in such fashion that some question might arise as to which of us died first, then, and in either of such events, I give, devise and bequeath the residue of my Estate, or the balance of said trust, as the case may be, to such of my blood nephews and nieces as may be living at the time that this clause of my last Will and Testament shall take effect, to be divided among them equally, share and share alike. ’ ’ It is claimed by Rita K. Meagher, administratrix of the estate of her late husband, George F. Meagher, that under the terms of this paragraph, all 10 nieces and nephews (including Mr. Meagher) received a vested remainder at the death of Mrs. Vigeant, subject only to her husband’s life use.
The husband, Joseph E. Vigeant, is still living and the question is academic at this time whether the nieces and nephews must survive him to take or whether their shares were vested at the death of Mrs. Vigeant. The court, therefore, will defer construction on this point, until the happening of the contingency.