William B. Bbekwax, Jb,,, J.
On February 25,1936, by judgments made by the Supreme Court, New York County, Bichardson P'ratt and United States Trust Company of New York (“ Trust Company *’) were appointed successor trustees Of two trusts, one created under the will of Charles Pratt, who died May 4,1891, and the other created under an indenture of trust, dated January 15, 1903, made by his son Charles M. Pratt. Their intermediate accounts as such successor trustees were last judicially settled by order made October 15,1957, covering a period ending on September 28,1956.
Bichardson Pratt died on August 16, 1959. The court has before it an application by the executors under his will (of whom Trust Company is one) and by Trust Company to settle the accounts of the said successor trustees' for the two trusts for the period from September 28, 1956, the date of closing of the last intermediate accounting period, to August 16, 1959, the date of Mr. Pratt’s death. At the outset, the accountants "seek a determination of the right of Bichardson Pratt to principal commissions from the two trusts Which he served until the date of his death as successor trustee under the judgment made February 25, 1936.
It is stipulated that the judgments appointing Trust Company and Bichardson Pratt successor trustees of the testamentary and inter vivos trusts respectively, here involved, contained the following language applicable to both trusts, to wit: u This appointment is upon the express condition that none of said successor trustees shall claim or be entitled to any commissions for receiving into their hands the principal of the said trust funds; that if the said trusts shall terminate within five years from the date of this judgment the said successor trustees shall be entitled to only one-half of the statutory commissions for paying out the principal of the said trusts; and that if the trusts shall terminate after the expiration of said period of five years the said successor trustees shall be entitled to the full statutory commissions for paying out the principal of Said trusts. The said successor trustees shall be entitled to commissions at the statutory rates for *992 receiving and paying out the income of said trusts. Nothing herein contained shall affect any rights which the plaintiff Harold I. Pratt may have to receive commissions on the principal and income of said trusts.” Concededly, the trusts have not yet terminated. The question to be resolved is whether the successor trustee, who died before the termination of the trusts, is entitled to any principal commissions whatsoever.
In Matter of Bushe (227 N. Y. 85, 89) the court, in discussing the principles underlying the granting of commissions, said:
“ Still another view is that the surrogate or Supreme Court has discretionary power and may award or withhold commissions in certain cases; and under circumstances such as here existing, may allow such sum as is reasonable for the services of a deceased trustee, not exceeding the statutory percentage.
“ The reasoning to sustain this view is that the testator in selecting a trustee intended to pay him, and that he is entitled to compensation, and that commissions are allowed for the care and management of the estate and not for the simple act of receiving and paying out. (Wagstaff v. Lowerre, 23 Barb. 209.) ”
Having stated alternative views, the court came to the following conclusion: “ All of these views have some reason to support them and perhaps some authorities, but the latter view, in our opinion, has been the general practice adopted by the courts and finds support in the decisions.” If, then, commissions are a compensation for the care and management of the estate and not for the simple act of receiving and paying out, they should be payable in every instance where fiduciary services have been performed and terminated without fault of the fiduciary, except where he has waived them in unambiguous terms.
When Richardson Pratt, the deceased successor trustee, was designated, care was taken to spell out his waiver of receiving-commissions and the limitation upon computations of commissions were the trust to terminate within five years. Had it been intended that compensation be waived or deemed unearned under other conditions, it is assumed that the judgment appointing the successor trustee would have referred to such terms and conditions (cf. Matter of Andrus, 4 Misc 2d 831, 834, 835). When he was appointed, the possibility of a trustee not surviving termination of the trust was an obvious one. The testamentary trusts had been in existence for over 40 years and the inter vivos trust for over 30 years at the time the successor appointments were made, and there had been trustees who had already died. Only four years later, in 1940, judgments in related trust proceedings designating successor trustees provided, as to *993 them, for the very contingency now involved in the proceedings at bar, to wit, that the successor trustees might die before the termination of the trusts.
In any event, the instruments of appointment of the deceased fiduciary herein, to wit, the judgments made in 1936, did not in terms bar commissions in the circumstances that have occurred. The will of Charles Pratt, who died in 1891, contains no provision relating to fiduciary commissions or the right thereto. It is not contended that the testator intended to curtail compensation of fiduciaries under his will or their successors. The creators of the inter vivos trusts in 1903 did not make survival of termination of the trusts a condition to the right to paying commissions. No competent evidence has been offered that the deceased successor fiduciary herein waived his right to commissions in the contingency that has occurred or that he was requested to do so as a condition to his appointment. That certain settlors of inter vivos trusts have in other proceedings sought to establish by their testimony a much refreshed and self-serving intent that trustees were not to receive paying commissions unless they survived to distribute the corpus, is not binding upon the deceased fiduciary herein. Such testimony, whatever its value, fails to explain the omission of such an intention in the instruments setting up the inter vivos trusts, in subsequent inter vivos trusts created in 1920, and in the judgments naming the successor trustees herein.
The court finds that the deceased trustee Richardson Pratt, by his executors, is entitled to compensation for the services rendered by him over the more than 20 years that he acted as a successor trustee. The question .that remains is the measure of such compensation, since the statutory formulation of commissions is not applicable under the facts of this case.
The Appellate Division in this Department discussed such a problem in Matter of Battell (261 App. Div. 120, 130, affd. 286 N. Y. 97) where the court concluded that: “ a deceased fiduciary is entitled to reasonable compensation measured by the value of the services which he rendered, not exceeding in any event the commissions set by statute; and that the fixation of such reasonable compensation rests in the sound discretion of the court.” (See, also, Matter of Free, 4 Misc 2d 463; Matter of Vigeant, 29 Misc 2d 569.)
The decedent was appointed February 25, 1936. He rendered uninterrupted services to both trusts until his death on August 16,1959. In that period of time the testamentary trustees paid $824,749.74 out of the corpus administered by them as such and the trustees under the 1903 agreement paid $300,785.76 from the *994 corpus of that trust. The court fixes his reasonable compensation for services to the testamentary trust at $10,369.37 and for services to the inter vivos trust at $3,819.87, presently payable in each instance out of corpus. The schedules of principal commissions set forth in subdivision 1 of section 285-a of the Surrogate’s Court Act and in subdivision 1 of section 1548 of the Civil Practice Act as applied to the distributions of corpus made by the trusts during the period that the decedent Richardson Pratt served as successor fiduciary thereof have been used as guides and account has been taken of the fact that by the judgments designating him he was required to waive commissions for receiving the principal of each trust.
The accounts as filed should be amended to reflect the allowance of the compensation hereby awarded. Upon the submission of the special guardian’s further report, an appropriate disposition will be made of the remainder of these proceedings to settle and allow the accounts of the successor trustees designated by the judgments made February 25, 1936.