Pierson R. Hildreth, S.
This is a final accounting of trustees upon termination of a trust. In accordance with a stipulation placed upon the record, issues regarding validity and effect of certain assignments and retainer agreements have been severed for subsequent determination if required. Issues presently determined incidental to the accounting are: (a) construction of article Fifth of the will to determine the issue of Arthur Keeler Bourne to whom the remainder of the trust is now payable; (b) determination of the compensation payable to the estate of the deceased trustee for services rendered by such trustee; (c) attorneys’ fees pursuant to SOPA 2110.
Article Fifth of the will created trusts for each of testator’s surviving children. Each child received the income for his or her life, and the will then provided ‘ ‘ upon the death of the child for whom such portion shall have been, held in trust, to *366 pay over, transfer and deliver the said portion so held in trust to and among the issue of such child, tó be divided equally, per stirpes, and in default of such issue, then to and among my issue living at the death of such child, to be divided equally, per stirpes.”
The trust terminated April 30, 1967 upon the death of Arthur Keeler Bourne, the income beneficiary. He had five children, three of whom survived him. Two children predeceased him, one dying in 1954 leaving four children all of whom were living when the trust terminated, and the other dying in 1959 leaving one child who was living when the trust terminated.
Do the representatives of the estates of the children who predeceased have any interest in the remainder? Or does the remainder pass only to such issue of the income beneficiary, Arthur Keeler Bourne, as survived him?
The trust terminated and became distributable upon death of the income beneficiary. The primary remainder was' given to a class comprising the issue per stirpes of the income beneficiary with a gift over to the issue per stirpes then living of the testator in the event the income beneficiary had no issue. The parties are in substantial agreement that testator’s intent as shown by the language of this will requires that membership of the class be determined at time of distribution when the trust, terminated upon the death of the income beneficiary. (Matter of Gautier, 3 N Y 2d 502 [1957]; Matter of Weekes, 174 Misc. 930, affd. 260 App. Div. 1014.) The provision for a gift over to another class also indicates that survivorship was intended and that membership of the class entitled to the remainder consists only of issue who survived the income beneficiary. (See New York Life Ins. & Trust Co. v. Winthrop, 237 N. Y. 93.)
The court construes article Fifth to the effect that the issue per stirpes of Arthur Keeler Bourne who take the remainder are the issue who survived Arthur Keeler Bourne, namely: (a) his surviving children, John Gilbert Bourne, Claire Louise Bourne Phillips and Stephen Howard Bourne, (b) the surviving children of his deceased child, Arthur Keeler Bourne, Jr., namely, Barbara Bourne Brennan, Arthur Keeler Bourne, III, Lawrence G. Bourne and Mimi Louise Bourne, and (c) the surviving child of his deceased child, Douglas K. Bourne, namely, Douglas K. Bourne, Jr.
Petitioners request that the court determine the compensation payable to the estate of Arthur Keeler Bourne, for his services as trustee. He served as one of the trustees for a period of 48 years. During this period the principal of the trust consisting *367 primarily of stock increased in value by approximately $10,000,000. The estate of the deceased trustee seeks commissions based upon or reflecting the unrealized appreciation of the stock.
Where a trustee dies before his duties are completed he is not entitled as a matter of right to statutory commissions, but the Surrogate may award such amount as in Ms discretion is deemed reasonable for the services performed, not to exceed the commissions computed at the statutory rate to wMch the trustee would otherwise have been entitled were he alive. (Matter of Bushe, 227 N. Y. 85 [1919]; Matter of Barker, 230 N. Y. 364 [1921]; Matter of Battell, 261 App. Div. 120, affd. 286 N. Y. 97.)
In an intermediate accounting a fiduciary may not compute principal commissions on unrealized appreciation. (Matter of Walker, 138 Misc. 879 [1930]; Matter of Robinson, 157 N. Y. S. 2d 661 [1954]; Matter of Mohr, 167 Misc. 523 [1938]; see Matter of Bourne, N. Y. L. J., Sept. 23, 1964, p. 19, col. 6 [Suffolk County].)
That limitation, however, does not apply when the accounting is a final one. Were the deceased trustee living he would be entitled to commissions based upon unrealized appreciation of assets accounted for upon rendering his final accounting. (Matter of Hawley, 142 Misc. 396 [1927]: Matter of Winslow, 58 N. Y. S. 2d 7 [1945].)
In Matter of Baltz (17 Misc 2d 890 [1959]) a percentage of unrealized increases were considered in allowing compensation to a trustee who was removed without cause. In Matter of Wertheimer (N. Y. L. J., Sept. 10, 1965, p. 16, col 5 [New York County]) compensation of a deceased trustee whose death terminated the trust was computed in a final account on a base wMch included unrealized increase in the value of corporate stock.
Thus, upon a final account the compensation to the deceased trustee is in the discretion of the court not to exceed the statutory commissions which would be computed upon unrealized increment of the trust principal. Here, the deceased trustee faithfully performed his fiduciary responsibilities for many years to the benefit of the trust and the parties interested. The court in its discretion will fix and allow compensation for the services rendered by the deceased trustee in an amount equal to the receiving commissions computed as set forth in Schedule H, Part I of the account, wMch computations reflect unrealized increases in value of the trust corpus, plus an amount equal to *368 paying commissions on sums actually paid out, together with annual principal commissions, all as shown by said Schedule.
Fees of the attorneys for services and disbursements are allowed, fixed and determined in the amount requested.