Nathan R. Sobel, g.
These two intermediate accounts of the trustees present issues as to the “ compensation ” of a deceased trustee and payment of commissions to a successor trustee. A prior decision of this court (April 20, 1973) settled these intermediate accounts in other respects including the trustees ’ annual income commissions (gCPA 2308, subd. 2) and annual additional principal commissions (gCPA 2308, subd. 3). That decision reserved, however, determination of the issues now presented.
The parties are agreed that commissions of these trustees are ■ governed by gCPA 2308 applicable to estates of persons dying before August 31, 1956. The court agrees that as concerns “ compensation ” and receiving commissions it would make no difference whether these issues are governed by gCPA 2308 or the predecessor statutes (gurrogate’s Ct. Act, §§ 285-a, 285; Code Civ. Pro., § 2753). (Robertson v. De Brulatour, 188 N. Y. 301, 316, 317; Matter of Hurlbut, 180 Misc. 681.)
As noted, testator John W. McGrath died in 1939. His will created a trust of substantially all his estate for the benefit of his wife to terminate five years after her death. Mrs. McGrath is dead and the trust will terminate in June of 1975. There has been a succession of trustees since 1940 when the original trustees were appointed.
Two intermediate accounts are before the court.
The “ Third” intermediate account was necessitated by the death of cotrustee John W. McGrath (II).
The ‘1 Fourth ’ ’ intermediate account was ordered by the court for two reasons: first, to approve the sale of the sole assets of the trust and to determine the several issues raised by the cotrustees with respect to the sale (determined by decision of April 20, 1973); second, to permit the instant application to be made for advance payment of commissions in order that the trust will not be deprived of ‘ ‘ substantial advantages under the income tax laws of the United gtates or the state of New York”. (SCPA 2311, subd. 1; Internal Revenue Code, § 2053 [U. g. Code, tit. 26, § 2053].)
I
The petition accompanying the “Third” intermediate account requests the court to fix the ‘ ‘ compensation ” of John W. McGrath (H). Mr. McGrath became a trustee July 9, 1957. He died April 4,1972. The application is unopposed.
*95 The trust for Mrs. McGrath was funded solely by shares of stock in a family corporation. The shares (523,800) represented control. Mr. McGrath served as cotrustee for 15 years. During that period he and his cotrustees held major offices in the corporation. The cótrustees are agreed that during his stewardship of the trust and his management with his cotrustees of the corporation, the affairs of the corporation prospered. It suffices to note that when Mr. McGrath became a cotrustee in 1957 the shares of stock were then valued at approximately $350,000. As noted, he died in April of 1972. Four months later a sale of the trust’s shares was consummated for over $12,000,000 all cash and the proceeds received on January 4, 1973. If Mr. McGrath had lived until the receipt of the proceeds of sale by the trust, he would have become entitled to receiving commissions of approximately $150,000.
Deceased fiduciaries (executors, administrators, trustees, etc.) are not entitled to commissions as such. A long series of cases hold that their estates may be allowed reasonable “ compensation ” measured by the value of the services rendered. The fixation of such reasonable compensation rests in the sound discretion of the courts but may not exceed in any event the amount of commissions as fixed by the commission statutes in force and effect at the time and governing the particular kind of fiduciary. (Matter of Whipple, 81 App. Div. 589 [1903]; Matter of Bushe, 227 N. Y. 85 [1919]; Matter of Barker, 230 N. Y. 364 [1921]; Matter of Exton, 159 Misc. 503 [1936]; Matter of Hayden, 175 Misc. 506, 510 [1940]) affd. 261 App. Div. 900; Matter of Battell, 261 App. Div. 120, 128-130 [1941], affd. 286 N. Y. 97; Matter of McGinnis, 181 Misc. 207, 211 [1943]; Matter of Wandling, 181 Misc. 292, 294 [1943]; Matter of Reckford, 181 Misc. 211, 216 [1944]; Durham v. Perkins, 270 App. Div. 739, 742-743 [1946]; Matter of Baltz, 17 Misc 2d 890 [1959] ; Matter of Vigeant, 29 Misc 2d 569 [1961]; Matter of Bourne, 55 Misc 2d 364 [1967] ; Matter of Jadwin, 58 Misc 2d 809 [1969].)
The discretionary authority to award “compensation” instead of commissions does not derive from any statute. It is solely a decisional rule applicable to “ resigned ” fiduciaries and those “ removed without cause ” as well as deceased fiduciaries. Efforts have been made to codify the decisional rule without success (discussed infra).
A study of the cited cases establishes that the “ compensation ” awarded to deceased fiduciaries is awarded for and measured by the value of the services rendered to the estate. In principle, then, it should not be measured, as are commissions, *96 by the “ value of any property * * * and the increment thereof” received or paid out. (SCPA 2307, subd. 2; 2308, subd. 10; 2309, subd. 9.) In common practice, however, the receiving and paying out concept governing commissions is applied in determining “ compensation ” of deceased fiduciaries. As the earlier cases explain, this practice derives from another statute (SCPA 2207, formerly Surrogate’s Ct. Act, § 257) which under specified circumstances permits or requires the fiduciary of a deceased fiduciary to account to the court for the estate or trust. That statute (SCPA 2207, subd. 6) provides that “ the court may allow to the fiduciary of the deceased fiduciary reasonable compensation for any service rendered by him * * *. The compensation so allowed plus any commissions retained by the deceased fiduciary or payable to his estate shall in no event exceed a full commission under 2307, 2308 or 2309, whichever section is applicable to the type of the deceased fiduciary ”. (See 10D Cox-Arenson-Medina, N. Y. Civ. Prác., par. 2207.07).
Since in practice the ‘ ‘ compensation ’ ’ is measured by the arbitrary and much criticized concept (see Bennett Comm, on Law of Estates, Second Report [1963], No. 7.1B, pp. 379, 388-390) of one-half commissions for .receiving and one half for paying out a problem may arise, as it has in this proceeding, where there are at the time of death of the fiduciary “ unrealized ” increases in principal as yet not “received” by the fiduciary.
The statute governing commissions of pre-1956 trustees provides for payment of commissions on principal received and paid out. Further, that “ The value of any property * * * and the increment thereof received, distributed or delivered shall be considered as money in making computation of commissions.” (SCPA 2308, subd. 10). The word “ increment ” in the statute was carefully chosen to include “ income ” from principal and as well “ increases ” in the value of the assets comprising the principal of the trust.
“Unrealized” increments are a fluctuating concept. The value of the property may decrease after it has increased: it may also disappear.
Where the fiduciaries are living fiduciaries this factor presents little problem. Where the account is a final account all increments will have been realized. On an intermediate account commissions on unrealized increments are rarely allowed. But, where allowed in such a proceeding or one for payment of commissions on account (SOPA 2310) or for advance payment of *97 commissions (SOPA 2311), the court will make adequate provision to protect the estate against subsequent decreases by imposing conditions for recoupment on the final account or by requiring a bond.
However, “ compensation” to the estate of a deceased fiduciary is final. There is no protection for the estate if the “unrealized” increment turns out to be illusory in whole or in part. But as heretofore noted, the amount of ‘ ‘ compensation ” is wholly discretionary with the court — the only limitation being that ‘ ‘ compensation ’ ’ may not exceed commissions.
Under the rules discussed, courts have occasionally allowed “ compensation ” to the estates of deceased fiduciaries measured by commissions on “ unrealized ” increments in principal assets (Matter of Battell, 261 App. Div. 120, affd. 286 N. Y. 97, supra [deceased fiduciary]; Matter of Bourne, 55 Misc 2d 364, supra [deceased fiduciary]; Matter of Baltz, 17 Misc 2d 890, supra [removed without cause fiduciary]; Matter of Jadwin, 58 Misc 2d 809, supra [deceased fiduciary]; cf. Matter of Fry, 30 Misc 2d 180 [living fiduciary]).
Other courts have refused to consider unrealized increments in measuring ‘ f compensation ” of a deceased fiduciary. (Matter of Mohr, 167 Misc. 523; Matter of Walker, 138 Misc. 879.)
From the decisions a practical rule emerges. In all fairness to the deceased fiduciary, the court should consider “unrealized” increments in determining his “compensation”. For if he had lived until the increment was realized, he would be entitled to commissions for the principal received.
The court is required however to exercise common sense in appraising the permanency of the increase. For example, an increase in the value of real property is likely to be more permanent than an increase in the value of securities. Among the latter, bonds are probably more stable than stocks, and increments in blue chips are less likely to disappear than those in speculative new issues. Obviously, other considerations are pertinent.
In this case there is of course no problem. The court is dealing with shares of stock in a family corporation. The “ unrealized ” increment was in fact realized shortly after the death of the cotrustee. This court will therefore allow compensation measured by an “unrealized” increment, the value and permanency of which is no longer speculative. The “Fourth” intermediate account establishes that the funds are soundly invested with no possibility of decrease in value before the termination of the trust.
*98 John W. McGrath (II) is allowed, as reasonable compensation for his 15 years of service to the trust, the sum of $149,-483.56 in addition to the receiving commissions received on earlier accounts ($848.80).
II
The “ Fourth ” intermediate account ordered by the court covers the period during which the trust received the proceeds of the sale ($12,021,210) of its sole assets — the shares in the family corporation. For the purposes heretofore stated, the court requested that the cotrustees include in this intermediate account a request for receiving commissions on the proceeds of the sale. As computed in Schedule H, each of the three present cotrustees would be entitled to receiving commissions (SCPA 2308, subd. 6) in this pre-1956 trust of $149,483.56.
Cotrustee Walter D. O’Hearn has served since 1967 and cotrustee John M. Sullivan since 1970. Both are successor trustees to prior deceased trustees.
Cotrustee John W. McGrath (III) was appointed as successor trustee to John W. McGrath (II) on August 25, 1972. He was thus serving rather briefly as cotrustee when the trust assets were sold and the proceeds of sale received. His two cotrustees argue that he is not entitled to full receiving commissions.
The commission statute is mandatory. Subdivision 1 of SCPA 2308 provides that the court “must” allow receiving and paying commissions to a trustee in office when the principal of the trust is received and paid out. (Matter of Baldwin, 157 App. Div. 897, affd. 209 N. Y. 601; Matter of Lanier, 271 N. Y. 120; Matter of Jadwin, 58 Misc 2d 809, 814-816, supra; Matter of Teller, 203 Misc. 366, 368 and cases cited; 10E Cox-ArensonMedina, N. Y. Civ. Prae., pars. 2307.13, 2308.09 ; 4B Warren’s Heaton Surrogates Courts, § 418-e, par. 5.)
The statute makes no provision for the denial or diminution of commissions of a successor trustee who succeeds a prior trustee who has been paid commissions or whose estate has received “compensation”. The statute does make provision for sharing of commission by more than three trustees, but this is determined by the number of trustees in office at the same time and not by the number who from first to last may have qualified and acted (SCPA 2308, subd. 6, par. [a]).
The Bennett Commission on the Law of Estates in its Fifth Report (1966) (No. 7.15.4B, p. 140 et seq.) thought it feasible to adopt a statutory rule governing successor executors and-administrators, but not successor trustees. With respect to the former, the reporters recommended that the court be given *99 authority to apportion a single commission between a deceased executor or administrator and his successor in office. Such a bill was drafted but not introduced.
Such a solution with respect to successor trustees is not practicable. These fiduciaries (unlike executors and administrators) continue in office over long periods of time. A successor trustee often succeeds one who is also himself a successor. The concept of measuring commissions or “ compensation ” by receiving and paying out principal assets would have little relationship to the length of service of the fiduciary or the value of his services.
The cases therefore require that each successor trustee must be paid receiving commissions on the principal of the fund turned over to him by his predecessor. That this will result in duplication of commissions on the same assets cannot be doubted.
Matter of Teller (203 Misc. 366, supra) discusses the problem at length. This court agrees with the observations made by the learned Surrogate that, despite the obvious hardship on the estate and the consequent diminution in the shares of the beneficiaries, the existing statute is mandatory. In the absence of any provision governing duplication, each successor fiduciary however short his term and irrespective of the true value of his services must be paid receiving commissions on assets turned over to him by his predecessor notwithstanding that such predecessor or his estate has received commissions or “ compensation ” on the same property.
Fortunately this problem does not exist with respect to post-1956 trusts. Principal “ received ” is no longer a basis for computation of commissions in such trusts (SOPA 2309).
The decree shall provide for full receiving commissions to the successor trustee John W. McGrath (III). The commissions allowed may be the same as the other cotrustees, since Mr. McGrath will waive receiving commissions ($848.80) previously paid on a prior accounting to his predecessor.
The court requests a conference on the allowances of attorneys’ fees and the allocation thereof.