OPINION OF THE COURT
John D. Bennett, J.
This is an application by the executors of the estate of a deceased fiduciary for an order at the foot of a decree of accounting, directing payment of additional compensation to the fiduciary’s estate in the amount of $15,515.34.
The deceased fiduciary, Joseph A. Thomas, was appointed trustee of four trusts under the will of Thomas Hitchcock, Jr. He served as trustee from the date of his appointment, September 30, 1946, to the date of his death, May 28, 1977. On January 10, 1978 a decree was entered in this court, judicially settling the third intermediate accounting of the deceased trustee. The accounting extended from April 27, 1961 to August 4, 1977, when the Bankers Trust Company was appointed successor trustee pursuant to the provisions of the decedent’s will.
The deceased fiduciary administered a substantial portfolio of diversified stocks and bonds for the four trusts, which have *861 a current value of approximately $6 million. Approximately four months after the death of Joseph Thomas, the successor trustee sold stocks and bonds, realizing a total net increase of $830,599.
Commissions on principal and income were paid to the executors of the estate of Joseph A. Thomas in the third intermediate accounting. The executors contend that the estate should be paid additional compensation equal to the statutory commissions for receiving increments which were realized after his death.
Since the decedent died on April 18, 1944, SCPA 2308, which governs commissions of trustees under wills of persons dying before August 31, 1956, controls. Subdivision 10 of SCPA 2308 states: "The value of any property to be determined in such manner as directed by the court and the increment thereof received, distributed or delivered shall be considered as money in making computation of commissions.” The guardian ad litem does not oppose the payment as such but questions the valuation date applied by the executors.
A deceased fiduciary does not become entitled as a matter of right to statutory commissions, but is entitled to compensation for services rendered, the amount of which is within the discretion of the court (Matter of Bushe, 227 NY 85) subject to the limitation that compensation may not exceed the statutory percentage (Matter of Mohr, 167 Misc 523).
Although a fiduciary in a final accounting may receive commissions on unrealized gains (Matter of Bourne, 55 Misc 2d 364), in an intermediate accounting a fiduciary cannot be compensated for increments not yet realized or turned into cash or not yet distributed or delivered (Matter of Mohr, supra; Matter of Walker, 138 Misc 879) since increments are merely estimated values which may disappear at the time the trust terminates.
This rule applies with equal force to the determination of the amount of compensation paid to the estate of a deceased trustee (Matter of Bourne, supra; Matter of Strauss, NYLJ, June 25, 1968, p 14, col 2; cf. Matter of Niedelman, NYLJ, Dec. 14, 1970, p 19, col 2).
In the present case the executors of the estate of the deceased fiduciary rely solely on Matter of McGrath (74 Misc 2d 92).
In the McGrath case the court allowed compensation to the *862 estate of a deceased trustee for increments realized subsequent to his death and cited as authority for the allowance Matter of Jadwin (58 Misc 2d 809) and Matter of Battell (261 App Div 120, affd 286 NY 97). Neither of these cases involved the payment of compensation for increments realized on the sale of assets. Both cases dealt with payment to a deceased fiduciary of commissions for paying out estate assets which were in fact paid out after their death and with final accountings where the administration was substantially completed. Matter of Bourne (supra), which was also cited, as observed above, involved a final accounting.
The court in McGrath noted that the deceased fiduciary would have become entitled to commissions on the sale of the securities had he lived. This proposition would apply in every case where an intermediate accounting is necessitated by the death of a trustee. In each instance it could be said that had the trustee lived another six months or perhaps a year or more, he would have become entitled to commissions on the sale of assets within that time span. The case thus establishes a precedent which places no limit on the extent to which the court can be called upon to accept the fiction that the fiduciary survived, and will not be followed.
The law is clear. A fiduciary is not entitled to commissions on unrealized increments in an intermediate accounting. The allowance to the estate of a deceased fiduciary, in an intermediate accounting, of compensation for gains which were not realized during his administration would actually represent compensation in excess of the commissions to which he would have been entitled had he survived.
Additionally, it is noted that the successor trustee has an undisputed right to full commissions for the sale of securities during its administration and there does not appear to be any justification for encumbering the trusts with the equivalent of double commissions by additional payment to the deceased trustee for the sale of the same securities.
The application for an order at the foot of the decree of accounting, granting additional compensation to the executors of the estate of Joseph A. Thomas, is therefore denied.