OPINION OF THE COURT
Arnold F. Ciaccio, J.
In this proceeding for judicial settlement of the trustee’s accounts, the respondent beneficiaries object to the computation of commissions of the trustee. The issue presented is whether or not the trustee may properly consider for commission purposes, the unrealized increase in a particular stock held in its trust portfolio, which stock was held by the trustee against its own original investment judgment but in keeping with the beneficiaries’ specific request to retain the stock.
Pursuant to a decree of judicial settlement dated April 19, 1957, the trustee received various assets as set forth in its account schedule A. Among them the trustee received certain common shares of the General Reinsurance Corporation. In approximately November of 1978, the trustee’s trust officer wrote to the beneficiaries suggesting that those particular shares be sold in line with certain tax and diversification goals. The beneficiaries expressed their opposition to this advice and requested that the trustee retain the shares of the General Reinsurance Corporation in the portfolio. In acceding to the desires and wishes of the beneficiaries, the trustee agreed to retain the ownership in *1083 the General Reinsurance Corporation stock subject to receipt of appropriate releases and indemnification agreements from the beneficiaries. These were obtained and the subject stock was retained.
Schedule 0 of the trustee’s account now shows unrealized increases attributable to the retention of the General Reinsurance stock on the basis of a substantial appreciation in value in excess of $350,000. In its account the trustee considers the value of the stock and its full increment in its computation of commissions.
SCPA 2308 (subd 10), which is applicable here, states: “The value of any property * * * and the increment thereof received, distributed or delivered shall be considered as money in making computation of commissions.” It is the court’s view that upon a final accounting, absent some wrongdoing, there is no discretion to diminish commissions and the trustee shall consider unrealized increases in so computing. There is no suggestion in this proceeding of any wrongdoing on the part of the trustee. The respondents’ suggestion that being held harmless from loss eliminates the right to “profit” from the appreciated value of the General Reinsurance stock, while innovative and superficially appealing, is without merit. It is fundamental that a trustee’s compensation is purely statutory and not based on merit, profit, nor effort for that matter (SCPA art 23; see, also, Matter of Folsom, 3 Misc 2d 75; Matter of Lehman v Irving Trust Co., 78 AD2d 278, revd on other grounds 55 NY2d 97).
In addition, it would be idle speculation as to what appreciation might have been achieved by an alternative investment policy. Speculation, as well, cannot be an element of fiduciary compensation. Finally, the trustee here, as has been pointed out, maintained an ongoing and continuing responsibility to administer the trust corpus including the subject stock.
The cases cited by counsel in support of their contentions while helpful are not dispositive since they, with little exception, deal with claims of deceased trustees for compensation (Matter of McGrath, 74 Misc 2d 92, 96; Matter of Hitchcock, 99 Misc 2d 860; Matter of Bourne, 55 Misc 2d 364).
*1084 In Matter of Hitchcock (99 Misc 2d 860, 861, supra), relied on by respondents, the language cited, to wit: “a fiduciary in a final accounting may receive commissions on unrealized gains” (emphasis supplied), can be characterized as barely narrative when taken in the context of the court’s decision. It does not rise even to the dignity of dictum therein.
In summary, the statute, SCPA 2308 (subd 10), is clear and dispositive of the issue. The trustee is entitled to commissions on the full unrealized increase as computed in its final account as submitted.